## MADDRY v. MOORE BROS. LUMBER CO.
### et al.
### No. 5995.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

On Rehearing Aug. 1, 1940.

654

.F. D. Culbertson, Jr., and Campbell & Campbell, both of Minden, for appellant.

A. S. Drew, of Minden, for appellees.

TALIAFERRO, Judge.

For a cause of action against defendants, the Moore Brothers Lumber Company, a co-partnership, and its component members, Gilbert J. Moore and Henry B. Moore, all domiciled in and residents of Harrison County, Texas, plaintiff alleges:

"4. That on December 10, 1937, one C. C. Carter, an agent and employee of the said Moore Bros. Lumber Company, and in charge of a truck of the said company, was in Minden, Webster Parish, Louisiana, and in charge of said business.

"5. That the said business of the company upon which said agent and employee was detailed consisted of the moving and handling of heavy lumber and work incidental thereto.

"6. That, under such circumstances, during the morning of December 10, 1937, the said Carter approached your petitioner and verbally employed petitioner as a helper or 'swamper' to assist him in such business of the company, of which he had charge and was engaged in handling for the company; and that petitioner's remuneration therefor was not fixed at that time, but that the said Carter told petitioner that he, petitioner, would be paid a reasonable amount for his work.

"7. That, pursuant to such employment, the said Carter, in charge of the work for the said company, ordered your petitioner into the cab of the company truck, in which there was also a negro laborer whose name is unknown to petitioner, to be carried to the scene of operations, and the said Carter took the wheel and proceeded to drive north out of Minden on what is known as the 'Dorcheat Road', * * *."

"8. That, when the truck had reached a point about two miles north of Minden, on said Route 185, the said Carter, who was driving, increased the speed to an excessive degree, so excessive that it appeared out of his control, and began to swerve from side to side of the road, and which appeared so dangerous that petitioner remonstrated with said Carter and requested him to reduce the speed and get the truck under control, but the said Carter

ignored petitioner's request and continued his reckless and unsafe driving.

"9. That the said Carter continued to drive in a manner and at a rate of speed unsafe to life and property and your petitioner, becoming more fearful for the safety of himself as well as that of the others in the car, demanded that the said driver stop the truck and allow your petitioner to alight without delay, but that the said Carter still ignored your petitioner's demands and continued such unsafe driving until he reached a point on the said highway near the Turner Bros. old sawmill, where he stopped the truck but prevented petitioner from leaving his seat by producing a pistol and under cover thereof demanded that petitioner remain in his seat in the truck. * * *

"10. That, still continuing his threatening attitude toward petitioner, the said Carter started the truck and continued to drive in such a reckless and unsafe manner on said highway, ignoring the continued pleadings of petitioner to be allowed to leave the truck.

"12. That the truck, so driven by Carter in a grossly negligent, dangerous, reckless and erratic manner, struck the railing of a small bridge located about one-half mile beyond and north of said Larkin Turner's store and constituting part of highway Route 185, in Webster Parish, Louisiana, and was overturned, your petitioner being thrown violently out of the cab to the ground and sustaining the injuries hereinafter set forth.

"13. That his said injuries and the damages hereinafter set forth and itemized, were caused solely and entirely by the gross negligence, carelessness, as well as the gross and reckless disregard of petitioner's rights on the part of said defendant company, its agent and employee, acting in the scope of his employment, and that petitioner was in the truck as a result of the exercise of his right by the said Carter to employ help in the course of his business in Louisiana as such agent and driver of the company."

Judgment for $4,500 against these three defendants in solido is prayed for.

Service was made on the Secretary of State as agent of all defendants on the theory that Act No. 86 of 1928, as amended by Act No. 184 of 1932, warranted that method of service.

Defendants excepted to the petition as disclosing neither a cause nor a right of action. The exception has as its basis the fact that whereas plaintiff alleges that he had been employed by defendant company's agent to work for it, and was en route to perform the duties of the employment when injured, he prays for judgment for a lump sum, as though he were suing in tort.

After trial and submission of the exception but prior to it being passed upon, plaintiff proffered an amendment to his petition wherein, in the alternative, he prayed for judgment for 65% of "whatever amount this court should find that this plaintiff's weekly wage amounted to, or would amount to, had he continued working, for a period of 400 weeks."

Defendants excepted to the court's jurisdiction ratione personae, as concerns the question raised by the amended petition, based on these grounds, viz.:

"That said defendants are only before the court by virtue of being the owners of the automobile and thereby subjecting themselves to the jurisdiction of the court under the Highway Act for the recovery of personal injury suits, and that said law in no wise applies to the compensation claim made in the supplemental petition, due to the fact that the supplemental petition deals solely with the compensation law based on contract.

"That this court has no jurisdiction and the citation is defective on non-residents for a cause of action based on contract."

The plea to the jurisdiction and also the exception were both sustained and the suit dismissed. Plaintiff has appealed.

In this court appellant's counsel strenuously contend, as they have done from the beginning, that his cause of action arises from and his suit is founded on tort (Article 2315 of the Civil Code); that the Workmen's Compensation Law, Act No. 20 of 1914, has no application whatever. However, the prayer for alternative relief is not abandoned.

Defendants contend that the petition sets up a perfect cause of action under the Workmen's Compensation Law, and that the relation of employer and employee did not cease before the accident; but argue that such action may only be asserted at defendants' domicile in the State of Texas; that Act No. 86 of 1928, as amended, only applies to actions ex delicto.

Plaintiff does allege that he was employed by defendants' agent as a helper or "swamper" at a reasonable wage, and that he boarded defendants' automobile, operated by said agent, and began the trip to the scene of the contemplated work; that in making the contract of employment and transporting plaintiff toward his work, said agent acted within the scope of his authority.

Plaintiff's counsel further argue: "But whatever contractual relation might have existed between plaintiff and defendant's agent at the beginning of the journey, it had ceased to exist and had terminated at the time of the accident. This was because plaintiff had in the meantime abandoned his status of employee and had, without his consent, taken the status of captive or slave and had been held in the truck at the point of a pistol."

If the contract of employment terminated when and for the reasons as argued by plaintiff, thereafter his status was that of a forced, involuntary occupant of the car, held therein through duress and threats. It would not be contended that the agent's actions in these respects, if true, were within the scope of his employment. Surely, he was not authorized to procure labor for his principal through the persuasive agency of a drawn revolver. It is obvious that if the agent was guilty of the indefensible conduct charged to him, he was not then acting within the scope of the powers delegated to him, but did so on his own responsibility for which his principal is in no wise accountable.

■ It is now well established as a legal principle of the Workmen's Compensation Law, that if, as a concomitant of the contract of employment, the employer obligates himself to transport the employee to and from the situs of the work assigned to him, and the employee is injured while being so transported, the injuries are compensable. This is true because, as has often been held, the day's work begins when the workman boards the means of transportation to his work, and ends when he alights from it on the return trip. Mahaffey v. Mill Creek Lumber Company, La.App., 147 So. 834; Williams v. O.K. Construction Company, La.App., 151 So. 784.

■ Therefore, in the present case, if, as alleged, the agent who induced plaintiff to consent to enter defendant's employ was also authorized, as a condition to such employment, to conduct plaintiff to the scene of his work, the employment began the moment the car started on its journey, with plaintiff aboard. The question then arises: Did the relationship of employer and employee cease before plaintiff was injured? The allegations of the petition are not conclusive of the question.

It is true that plaintiff alleges that he protested to the operator and remonstrated with him on account of the car's excessive speed and the reckless manner of operation, and endeavored to leave the car when it momentarily stopped; but it is not alleged and is not now contended that he then and there informed the operator that he had decided not to go any further with the engagement to work for defendant; that he had abandoned his purpose to do so. So far as the petition discloses, plaintiff might have had in mind the intention to proceed to the situs of the work by other means of transportation or afoot, if allowed to leave the car, and that such intention was frustrated by his being held in the car until the accident.

It is but a legal conclusion on the part of counsel when they say that the contract of employment terminated, was abrogated, by the wrongful conduct of defendant's agent, coupled with plaintiff's alleged attitude toward it. A trial on the merits will develop the facts pertinent to this question, and from these facts it can be determined which of the contentions is the correct one.

■ As to questions arising in suits to recover workmen's compensation, particularly those involving pleadings, the underlying philosophy of the Act creating the right to sue therefor is justifiably recognized and obviously promoted by applying thereto a liberal construction. Sub-section 4 of Section 18, Act No. 20 of 1914, as amended.

We are now brought to the issue raised by the plea to the court's jurisdiction as regards the alternative demand, that for compensation. This question has to be determined from an interpretation of the provisions of Act No. 86 of 1928, as amended by Act No. 184 of 1932. The question is of first impression in this State. This Act, so far as is needful to the present discussion, reads as follows: "Section 1. Be it enacted by the Legislature of Louisiana, That

the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of State of Louisiana or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally."

It is not alleged nor contended in brief that the defendant company maintains an office in the State or that it manufactures lumber therein. If such were true, service of process, as is provided by Sub-section (4) of Section 1 of Act No. 179 of 1918, would be proper. Rester v. Moody & Stewart et al., 172 La. 510, 134 So. 690.

The title of Act No. 86 of 1928 is as follows: "Providing for civil process against non-residents in cases arising out of the operation of motor vehicles within the State of Louisiana."

The Act simply says that if a non-resident, in person or by agent, operates a motor vehicle on the highways of the State, he shall be deemed thereby to have appointed the Secretary of State as his attorney for service of process *"in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident [or his agent] may be involved while operating"* the vehicle on such a highway.

It will be noted that neither the title nor the Act itself contains any restriction whatsoever as to the sort of process intended to be comprehended thereby. The title says "civil process against non-residents" and the Act itself specifically provides that that process may be served, in proper cases, upon the Secretary of State as the non-resident's agent in *"any action or proceeding"*, etc. Neither actions ex delicto nor those to recover workmen's compensation are mentioned.

The facts of this case, reflected from the petition, disclose that defendant's agent was operating a motor vehicle on a highway of the State when involved in an accident and/or collision and that this suit is *an action growing out of that accident and/or collision.*

To hold with defendants, we would have to write into the above quoted part of the Act after the words "any action or proceeding", the words "workmen's compensation cases excepted". To do this would not only be a clear usurpation of legislative prerogative, but would materially destroy the very purpose for which the Act was adopted, viz., to afford the injured person the opportunity to assert in the proper court or courts of this State the rights and actions which, without such law, he would be forced to exercise in the forums of the defendants' domicile.

The language of the Act discussed is clear and unambiguous. Had the Legislature intended to restrict the operative effect of this law to service of process in actions ex delicto only, it would have certainly given expression to such intent.

Article 13 of the Revised Civil Code is clearly applicable. It reads: "When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit."

The constitutionality of statutes of the character of the 1928 Act, as amended, has several times been assailed in the courts of this country. Their validity has uniformly been upheld on the ground that such enactments were but a valid exercise of the police power.

In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091, a statute of the state of Massachusetts was in contest. Justice Butler, in pronouncing judgment, inter alia, said: "The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. *Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved.* It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates

such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. Canadian Northern Company v. Eggen, 252 U.S. 553, 561, 562, 40 S.Ct. 402, 64 L.Ed. 713. The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U.S. 610, 622, 35 S.Ct. 140, 59 L.Ed. 385. And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v. New Jersey, 242 U.S. 160, 167, 37 S.Ct. 30, 61 L.Ed. 222. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent to the appointment of the registrar as agent on whom process may be served."

This suit was properly instituted in the District Court of Webster Parish wherein the accident occurred. Act No. 20 of 1914, Section 18, subd. 1 (A), as amended.

That court has jurisdiction to hear and determine the issue raised by the amended petition and prayer as the service made herein effectively brought defendants into court for those purposes.

For the reasons herein assigned, the judgment appealed from, insofar as it sustains the exception of no cause and no right of action, is affirmed; and, insofar as the plea to the jurisdiction is concerned, said judgment is annulled, reversed and set aside; the plea is denied, and this case is remanded to the court a quo for further proceedings and in keeping with the views herein expressed. Appellees are cast for costs of appeal.

DREW, J., recused.

## On Rehearing

HAMITER, Judge.

Application for a rehearing was made by defendant, restricted to the jurisdictional issue presented by this controversy, and such was granted. Thereafter, we certified to the Supreme Court, and asked to be instructed thereon, the following question embracing the mentioned issue, viz: "Can a nonresident defendant be effectively subjected to the jurisdiction of the courts of Louisiana through the substituted service of process outlined and provided for in Act No. 86 of 1928, as amended by Act No. 184 of 1932, in an action for workmen's compensation instituted by the nonresident's employee who was disabled in an accident involving a motor vehicle driven at the time on the highways of this State by an authorized agent of said nonresident? In other words, and generally speaking, are the mentioned statutory provisions applicable to an action in which an award of workmen's compensation is sought?"

In an opinion dated June 28, 1940, 197 So 651, rendered in response to our request, the Supreme Court discussed the certified matter; and, in conclusion, stated: "In answer to the question propounded, our instruction is that a nonresident defendant can be subjected to the jurisdiction of the courts of this State through the substituted service of process provided for in Act 86 of 1928, as amended by Act 184 of 1932, in an action instituted by a nonresident employee for compensation under the Employers' Liability Act, growing out of an accident or collision in which the agent of the non-resident was involved while operating a motor vehicle on the highways of this State. Under the facts stated in the request for instructions the lower court was vested with jurisdiction to entertain the alternative demand."

The announced instruction supports our decision on the original hearing of the appeal.

Therefore, the decree heretofore rendered by us is reinstated and made the final judgment of this court.

DREW, J., recused.