LOTTINGER, Judge.
This is a suit in workmen’s compensation, filed by Wrestler Johnson against Frederick J. Wyble and his insurer, T. H. Martin & Company. From judgment below in favor of defendants, dismissing petitioner’s suit, the petitioner has executed this appeal.
The judgment below was rendered, read and signed on January 6, 1950. The petition and order for this appeal, and for service and citation, was filed on January 5, 1951. Through neglect of the Clerk of Court’s Office, the defendants were not served with copies of the petition and order for appeal, nor were they cited thereon. They, therefore, filed a motion, in this court, to dismiss this appeal for lack of service and citation, under the provisions of Article 573 of the Louisiana Code of Practice. Upon hearing before this court, petitioner presented the petition and order of appeal, which had been signed and filed as stated above. Affixed thereto was the following certificate :
“I, Henry Lastrapes, Clerk of the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, do hereby certify that the foregoing petition, Prayer and Order, was signed by the Judge of said Court on the day and date as shown above and that the same was signed, and filed as set out above, and that the signatures, dates, etc. were affixed on said date, and that the lack of service and citation is attributed to the oversight of this office.
Signed this 6th day of Nov. 1951.
/s/ Henry Lastrapes
Clerk of Court”
There is no question but that the petition and order were timely signed and filed. The only question to be determined is who is to be held liable for the failure of service and citation. A similar situation was before the court in Taylor v. Allen, 151 La. 82, 86, 91 So. 635, 638. In that case, citation on the appeal was delayed due to neg *712 ligence of the Clerk of Court. After ap-pellee had filed a motion to dismiss the appeal, citation issued and service was made. The court, in refusing to dismiss the appeal,-said: “It is well settled that an appeal should not be dismissed because the appellee was not cited to answer the appeal, when it appears that the appellant prayed for citation and that the failure to issue it was due to the neglect of the clerk of court in which the judgment was rendered.”
 The petition here prayed for service and citation on appellees, and the order of the court provided that the defendants be served and cited. The failure to issue same was due to the neglect of the Clerk of Court. We do not believe that the petitioner can be held liable for such neglect. It is well settled in this state that appeals are favored, and the petitioner should not be held liable for omissions of the Clerk of Court.
For the reasons assigned, this matter is remanded to the lower court for service and citation as prayed for and as ordered so that this appeal might be perfected, and the record is to be returned to this court within thirty days after service and citation, as aforesaid. •
Remanded.