LOTTINGER, Judge.
This is a workmen’s compensation proceeding in which the plaintiff seeks to recover for total permanent disability. Joined as defendants are his employer, Frederick J. Wyble, and latter’s insuror, T. H. Mastine, and Company.
It is alleged that plaintiff was employed as a roustabout by defendant in connection with the latter’s drilling operations in the Hazelwood Oil Field in the Parish of St. Landry, Louisiana, and that while so employed, he “suffered an accident — which resulted in and was subsequently diagnosed as unresolved flu pneumonia.” The further allegation is made that as a result thereof, he was left “with very weak lungs subject to a serious breakdown of same on the least exposure”.
The defendants first filed an exception of vagueness, which was • overruled. Subsequently they filed their answer in which they admitted the plaintiff’s employment, the hazardous nature of defendant Wyble’s business arid the amount of wages received by plaintiff. They admitted also that plaintiff developed pneumonia but denied- that he had suffered an accident or that his condition was attributable to any accident arising out of his employment during the month of March, 1947, as alleged by the plaintiff. They also denied that the plaintiff was permanently, totally disabled at the time of filing suit.
The lower court rendered judgment in favor of defendants on January 6, 1950. The petition and order for appeal and for service and citation was filed on January 5, 1951. Through an oversight of the Office of Clerk of Court, however, the defendants were not served with copies of the petition and order of appeal, nor were they cited thereon. When the -case was first presented to us, therefore, we remanded same to the lower -court for service and citation as prayed for. See La.App., 55 So.2d 711. The appeal has now -been perfected and the matter before us, for consideration on the merits.
According to the evidence, the plaintiff reported for work at approximately seven o’clock A.M. on the day in question, which was March 11, 1947. At -about 10 o’clock A.M. he complained to his fellow employees of feeling ill, but continued to perform his duties until about 3 o’clock when a pain in his chest became so severe that he was forced to stop work and to rest in the cab of the employer’s truck until time for the rest of the crew to stop work, at which time he was taken to his employer’s field office from where he was returned home.
The plaintiff’s, condition became progressively worse, he was seen by several physicians and finally sent to Charity Hospital *214 in New Orleans, where he was treated for a lung abscess. This condition was admitted on the trial of the case, rendered him totally disabled.
The record discloses that plaintiff, together with the crew with whom 'he was working on the day in question, was engaged in cutting paraffin in several oil wells. It appears that the operation is accomplished by the use of a truck, the rear wheels of which are jacked up, and a pulley placed thereon. A belt is attached to the pulley and to a wheel at the other end, around which runs wire from a spool. To the wire is attached a cutter, which goes down into the well and cuts the accumulated paraffin.
Approximately fifteen minutes is required to set up the above described rig and when in operation there is little for the crew to do except when the cutter becomes clogged. In that event, two of the crew members pull up and down on the wire to release it (“juggin it up and down” as described by one of the witnesses), an operation in which the crew takes turns, and which, apparently does not require a great deal of exertion.
It rained intermittently during the day plaintiff fell sick and the ground was muddy in spots. The position taken by the plaintiff appears to be that the nature of his work, coupled with the adverse weather conditions under which he was working, contributed to his physical break-down and that thus he suffered an accident as defined in Lampkin v. Kent Piling Company, Inc., La.App., 34 So.2d 76, and other similar authorities.
The testimony of Dr. Lazaro and Dr. Rozas was that the germ causing the plaintiff’s condition has an incubation period of from 12 to 72 hours, therefore, neither was of the opinion that the plaintiff’s condition could be attributed to the work which he was doing at the time. Dr. Pavy who testified on behalf of the plaintiff, stated that the plaintiff’s condition was “contracted” on the job. This gentleman, however, did not explain what he meant by the term “contracted”, and -both of the other medical experts, stated in effect that Dr. Pavy was in error if he intended to use the word m the ordinary sense.
 In Clark v. Southern Kraft Corporation, La.App., 200 So. 489, the court held that:
“As a prerequisite to recovery of workmen’s compensation, an employee must prove an accident occurring within the scope and course of his employment and also show a causal connection between such accident and his injuries and disability.”
The above rule, we think, is applicable here, and disposes of plaintiff’s case. There was no accident, i. e., something sudden, undesigned, or unexpected, nor can we find from the evidence, especially in view of the medical testimony set out above, any causal connection between the plaintiff’s employment and his present disability.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.