81 So.2d 46 (1955)
W. H. (Bill) STUCKEY, Plaintiff-Appellant,
v.
CITY OF ALEXANDRIA et al., Defendants-Appellees.
No. 8352.
Court of Appeal of Louisiana, Second Circuit.
May 18, 1955.
F. Jean Pharis, Pineville, for appellant.
T. C. McClure, Jr., Alexandria, for appellees.
GLADNEY, Judge.
This is an appeal from a judgment which rejected plaintiff's demands for workmen's compensation. The claim arises by reason of plaintiff having contracted psittacosis, commonly referred to as "parrot's fever", on or about September 29, 1953, while he was employed as a night watchman by the City of Alexandria at its zoo.
In reasons for judgment the judge a quo held the evidence adduced did not establish plaintiff suffered a compensable accident through the infection of the disease of psittacosis, and that he failed to show causal connection between his disability and employment. Before this court counsel for *47 appellant has stated the issues to be: Did plaintiff contract psittacosis at the Alexandria zoo? And, if so, was the contraction of the disease a compensable accident under the provisions of the Louisiana Workmen's Compensation Act?
The facts are relatively free of dispute. Plaintiff commenced his employment with the City of Alexandria on July 28, 1953, as watchman for the purpose of guarding the property, animals and birds located in the park, to prevent vandalism, and to perform other minor duties in connection with the operation of the zoo. He ordinarily went to work about 3:00 P. M. and remained as late as necessary, working usually until 7:00 P. M., and sometimes later. The zoo area in which plaintiff worked occupied about two acres located in the City Park of approximately two hundred acres. In order to properly protect property in line with his duties, Stuckey cruised the area in an automobile. His duties did not include regular feeding or watering of the birds and animals but occasionally he was required to be near them. The first evidence of the disease was noticed by Stuckey a month after commencing his employment. He first visited a physician, Dr. Rayfield L. Robbins, on September 29, 1953. After several examinations Dr. Robbins accurately diagnosed the illness as psittacosis. During treatment and as a result of the infection an abscess cavity required the removal of the upper lobe of the employee's right lung. Recuperation from his illness was satisfactory and Stuckey again assumed his work and was regularly employed until the latter part of 1953 when his work was stopped and he has not worked since that time.
Appellant earnestly urges that psittacosis as contracted by the employee was an accident and as such should be compensated under the Act. The medical testimony adduced upon the trial uniformly established psittacosis is an infectious disease and was contracted by Stuckey through the mouth or nose, which is the normal method of communication. According to Stuckey's testimony, the onset of the disease was not acute for he felt its effects approximately a month before he considered it necessary to consult a physician. No evidence was adduced to show that the disease was contracted through a scratch, bruise or other injury or violence to the physical structure of the body.
The Workmen's Compensation Act expressly restricts payment of compensation to an employee who receives injury by accident arising out of and in the course of his employment. The Act has been amended by Act No. 532 of 1952, LSA-R.S. 23:1031.1, to allow recovery under employment disabilities caused by diseases as named and classified therein. The word "accident" as used in the statute is defined as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." LSA-R.S. 23:1021(1). "Injury" and "Personal Injuries" are defined to include "only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom", and the statute provides: "These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted." LSA-R.S. 23:1021(7). "Accident" and "Personal Injury" have been construed by the courts to include skin poisoning, eye injury from dirt particles, glare from blow torches, heart attacks, or other disabilities resulting from excessive heat, physical exertion, and inhalation of dirt particles. In all of these cases the award of compensation was granted upon a finding the disability resulted from unexpected or unforeseen events which happened suddenly and violently and caused at least some injury to the physical structure of the body. In the statutory definition of "Injury" and "Personal Injury" as recited above, diseases or infections which naturally result from injuries produced by violence to the physical structure of the body are expressly covered by the Act. See: Cannella v. Gulf Refining Co. of Louisiana, La.App., 1934, 154 So. 406; Taylor v. List & Weatherby Const. Co., Inc., La.App., 1933, 146 So. 353; Wright v. Louisiana Ice & Utilities Co., 1930, 14 La.App. 621, 129 So. 436; Becton v. Deas Paving Co., 1926, 3 La.App. 683; Custer *48 v. Higgins Industries, Inc., La.App., 1946, 24 So.2d 511; and Biggs v. Libbey-Owens-Ford Glass Co., Inc., La.App., 1936, 170 So. 273.
The evidence as adduced herein fails to disclose Stuckey suffered an accident inasmuch as the onset of the psittacosis was not acute and the disease itself did not follow as a natural result of an injury embraced by the Act. The courts have painstakingly pointed out that in order to constitute an accident or injury under our Workmen's Compensation Statute there must be some direct relationship between the employment and the disability resulting either from force applied from the outside or because of some sudden and unexpected occurrence which produced an acute onset or manifestation of the disability. Manifestly, infection by germ or virus with a gradual onset cannot be classified as an accident or compensable injury, under our Workmen's Compensation Statute.
The decision need not turn solely upon our holding the contraction of psittacosis by plaintiff during his employment does not constitute a compensable injury under the Workmen's Compensation Statute, for it is clear plaintiff has entirely failed to show causal connection between the disability and his employment. Although it is true Dr. Robbins testified he believed Stuckey contracted the disease from the birds and animals at the zoo, the opinion obviously is mere surmise or conjecture of the physician. Plaintiff's contact with the birds and animals at the zoo was merely casual. He had nothing to do with their feeding and watering and only on special occasions did he come in contact with them. His employment record indicates that the disease began to show its effects probably within a month after he began work for the City. Testimony was given by Dr. Jonas R. Brooks, veterinarian in charge of the animals and birds during the time Stuckey was employed at the zoo, none of the animals or birds that died during the time of Stuckey's employment had psittacosis and that none of the live animals and birds appeared to have this disease. Dr. Brooks performed autopsies on all of the dead animals and birds. Mere conjecture and probability cannot serve as a basis for judgment even in workmen's compensation cases. Davis v. Swift & Co., La.App., 1953, 68 So.2d 670; Robbins v. Chicago Mill & Lumber Co., La.App., 1954, 76 So.2d 635.
We note defendant, City of Alexandria, Louisiana, and its insurer, Lumbermen's Mutual Casualty Company, filed an exception of no cause and no right of action. It was by the trial court referred to the merits. Our judgment seems to have resolved the issue raised by the exception and there is no point in further discussion thereof.
For the reasons hereinabove given we affirm the judgment from which appealed.