298 So.2d 920 (1974)
R. L. GOTTE, Plaintiff and Appellant,
v.
CITIES SERVICE OIL COMPANY, Defendant and Appellee.
No. 4570.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
Rehearing Denied September 4, 1974.
Writ Refused October 28, 1974.
*921 Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiff and appellant.
Jones, Kimball, Patin, Harper, Tete & Wetherill by William B. Swift, Lake Charles, for defendant and appellee.
Before FRUGÉ, DOMENGEAUX, and WATSON, JJ.
DOMENGEAUX, Judge.
This is an action by R. L. Gotte, a former employee of Cities Service Oil Company, for the recovery of medical expenses allegedly due under the Louisiana Workmen's Compensation Act. No claim is made for other benefits. From a judgment by the district court in favor of the defendant, plaintiff has appealed.
The facts were stipulated at trial to be as follows:
"On or before October 29, 1969, and at other times pertinent, R. L. Gotte, was an employee of the Cities Service Oil Company, being employed by it as a welder. On or about October 29, 1969 while working in the course and scope of his employment with the Cities Service Oil Company, R. L. Gotte was required to do certain welding work which created a high temperature environment. R. L. Gotte was further required, during the course of and arising out of the scope of his employment, to periodically leave and re-enter the described temperature environment. Following these described activities, R. L. Gotte contracted pneumonia and incurred certain medical expenses in the treatment of that condition. The medical expenses sustained by *922 R. L. Gotte in the treatment of this condition amount to Eight Hundred, Thirty Seven and 95/100 ($837.95) Dollars, which is the total amount sought to be recovered herein."
It was further stipulated that only a single issue of law was in question, that being:
"Assuming that an employee, during the course of and arising out of the scope of his duties as an employee, is exposed to variable environments, consisting of high temperature and low temperature environments, and that such periodic exposures create a condition which makes that employee vulnerable to pneumonia, and pneumonia is subsequently contracted by that employee, are medical expenses incurred in the treatment of that condition, compensable under the Louisiana Workmen's Compensation Act?"
The precise legal question before us is whether, under the particular facts and circumstances as specified to herein, plaintiff's pneumonia condition is covered by the Louisiana Workmen's Compensation Act. If so, defendant concedes liability in the amount of $837.95.
It is undisputed that pneumonia is not one of the occupational diseases enumerated in LSA-R.S. 23:1031.1.
Recovery then must be predicted upon a finding that an "accident" occurred within the course and scope of the claimant's employment and that said accident was causally connected with the resulting injury or disability.
On the question of causal connexity, defendant, through the stipulation of facts and the single issue to be determined, has admitted that plaintiff's periodic exposure to the extreme range of temperatures during the course of his employment, on or about October 29, 1969, "created a condition which made the employee vulnerable to pneumonia", which he subsequently contracted. This stipulation in our opinion clearly disposes of the question of causal relationship.
As indicated in Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968) the criterion for causal connection between an accident and the disability is: "Has the accident changed the plaintiff's condition so as to render him disabled and unfit for his former employment." It is clear that after being exposed to the extreme temperature changes the plaintiff herein contracted pneumonia, thereby incurring the aforementioned medical expenses.
The question remaining then is whether this set of events constituted an "accident".
LSA-R.S. 23:1021(1) and (7) provide:
"(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.
(7) `Injury' and `Personal Injuries' includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."
The term "accident" is given a liberal interpretation under the workmen's compensation law. Funderburk v. Calcasieu Paper Co., 261 So.2d 277 (La.App.3rd Cir. 1972). We know from the specified facts that the plaintiff herein did not experience an impact type accident such a fall or a collision. However, plaintiff's body most certainly received a great trauma when it was exposed to the extreme temperature changes on the day in question. For we know that as a result of said exposure, physical changes took place and entry of pneumonia germs into the human *923 system soon followed. Surely such an occurrence was unexpected and unforeseen. It is also clear the plaintiff suffered "violence to the physical structure of the body", without which he would not have contracted pneumonia. In addition the occurrence happened over a very short period of time, rather than over an extended period with gradual appearance of symptoms becoming progressively worse.
The "wear and tear" type diseases or harms are covered only if listed in the occupational disease provision of the Workmen's Compensation Act (LSA-R.S. 23:1031.1). See Malone, Louisiana Workmen's Compensation Law & Practice [1964 Pocket Part § 219 P. 90]; Gaspard v. Petroservice, Inc., 266 So.2d 453 (La.App. 3rd Cir. 1972).
Thus the only requisite lacking is the "producing at the time objective symptoms of an injury". As Professor Wex S. Malone indicates in his treatise, Louisiana Workmen's Compensation Law & Practice (1951) [ § 216, p. 274-6], this last so-called requirement is only a matter of proof of causation and has no bearing on the proper definition of accident. He further states that the appellate courts have long disregarded a restrictive interpretation of that portion of the definition in such cases as strains, poison ivy, and other irritations to the skin, hernias, poisoning, etc. Thus "compensation may be allowed ... even for a normal or usual occurrence which produces no immediate indication of the full extent of the injury if the court is otherwise satisfied that there is a causal relation between the job and the disability."
Thus we find the evidence clearly indicates that plaintiff's disability (for whatever period of time) was a direct result of an actual work related occurrence being subjected to high temperature extremes. In our opinion, this traumatic experience which weakened his body defenses and allowed the pneumonia to develop was an "accident" within the meaning of the compensation act.[1] In accord is Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938).
This conclusion is further buttressed by the recent pronouncement of the Supreme Court in Ferguson v. Hde, Inc., 270 So.2d 867 (1972), wherein the court stated: "[W]hen the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present."
The precise issue decided herein is res nova. We find only one case in the Louisiana jurisprudence, Johnson v. Wyble, 58 So.2d 213 (La.App. 1st Cir. 1952), dealing with pneumonia which is claimed to be the disabling factor in a workmen's compensation case. Therein the court held flu pneumonia contracted by the plaintiff was not proven to be causally connected with the plaintiff's employment, nor was an accident shown. However, in our case we feel that the plaintiff herein has shown an "accident" and defendant stipulates to causal connexity.
The trial judge wrote a thorough analytical opinion, citing a number of cases meant to be dispositive of the issue herein. We will comment on some of these.
In Gaspard v. Petroservice, Inc., supra, this court held that the claimant's disease of sympathetic dystrophy was not compensable under the Workmen's Compensation Act. However, we also found that plaintiff had not proven the causal relationship between the plaintiff's duties and his subsequent disease. In addition we felt that Gaspard's exposure to the vibrations did not constitute an "accident" insofar as *924 his alleged injuries were of the cumulative type resulting in the gradual appearance of symptoms which become progressively worse, rather than an accident occurring suddenly, unexpectedly or violently.
In Ross v. Hunt Lumber Co., 188 So.2d 500 (La.App.3rd Cir. 1966) and Lee v. Southern Maid Paper Co., 203 So.2d 431 (La.App.3rd Cir. 1967) causal connexity was not proven. This is also the case in Stuckey v. City of Alexandria, 81 So.2d 46 (La.App.2nd Cir. 1955) wherein the plaintiff contracted "parrot fever" while employed as a zoo-keeper. We also note that this case is criticized by Professor Malone in his aforementioned scholarly treatise on Louisiana Workmen's Compensation Law [1964 Pocket Part, § 219 p. 91-2].
Funderburk v. Calcasieu Paper Co., supra, is also distinguishable in that this court made no ruling on whether plaintiff's illness, chronic venous insufficiency, would have been covered under the Compensation Act. Instead we held that the plaintiff therein was prevented from filing his claim in August 1970 by virtue of the two year limitation set out in LSA-R.S. 23:1209 and the fact that the evidence only showed a leg injury in December 1962 and not one subsequent thereto.
On the other hand, the cited case of Comoletti v. Ideal Cement Company, 147 So.2d 711 (La.App. 1st Cir. 1962) bolsters our decision. Therein the plaintiff sustained industrial deafness claimed to have occurred as a result of exposure to noise of excessive and unusual intensity on a certain date. So also was plaintiff herein subjected to an unusual exposure on a certain date, that being extreme temperature variations.
Also relevant is Vidrine v. New Amsterdam Casualty Co., 137 So.2d 666 (La.App. 3rd Cir. 1962). Therein this court held that a dragline operator, suffering from pneumonitis, who was called from his bed to perform strenuous work in unfavorable weather conditions, and later contracted tuberculosis, sustained an "accident" under the Louisiana Workmen's Compensation Act. The court found the evidence clearly indicating that plaintiff's disablement was a direct result of an actual occurrencehis having to leave home while sick and while in a weakened condition performing strenuous work in inclement weather. This is similarly true in our case.
Bearing in mind the purpose and intent of the Workmen's Compensation Act, along with the aforementioned reasoning, we can come to no other logical or equitable conclusion but that the plaintiff-employee herein sustained a disabling injury or disease during the course and scope of his employment, which admittedly was causally connected with said employment and has been shown to be a result of an "accident". Therefore, any medical expenses sustained as a result thereof are covered by the Workmen's Compensation Act.
For the above and foregoing reasons the judgment of the trial court is reversed and it is hereby decreed that there be judgment in favor of the plaintiff and against the defendant in the sum of $837.95, with legal interest thereon from date of judicial demand. Costs at trial and on appeal are assessed to defendant-appellee.
Reversed.
NOTES
[1] Because of our specific holding we need not pass upon the much discussed question as to whether the entry of germs themselves into the human system can alone be regarded as an "accident" within the meaning of the Workmen's Compensation Act. Professor Malone is of the opinion that such should be the case. See § 219, pp. 88-99 in the 1964 Pocket Part to Louisiana Workmen's Compensation Law and Practice (1951).