313 So.2d 1 (1975)
Karl GEIST
v.
MARTIN DECKER CORPORATION.
No. 10219.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
*2 Joseph L. Waitz, Houma, La., for appellant.
John F. Pugh, Thibodaux, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
Plaintiff Geist (Appellant) appeals from judgment dismissing his claim against his employer, Martin Decker Corporation (Appellee), for workmen's compensation benefits. The issue presented is whether an employee, who contracts hepatitis during the course and within the scope of his employment, suffers an accident resulting in disabling personal injury within the meaning of the terms "accident" and "injury", as defined in LSA-R.S. 23:1021(1) and (7). Appellee excepted to Appellant's petition as stating no right and no cause of action. The trial court overruled the exception of no right of action, but sustained the exception of no cause of action. We reverse and remand for further proceedings.
An exception of no cause of action is triable solely on the allegations of plaintiff's petition. On trial of an exception of no cause of action, all well pleaded allegations of fact contained in plaintiff's petition must be accepted as true and must be interpreted most favorably to plaintiff. Neblett v. Placid Oil Company, 257 So.2d 167 (La.App., 1971).
No evidence is admissible on an exception of no cause of action, and such *3 an exception must be overruled unless the allegations affirmatively establish that plaintiff has no cause of action under all facts admissible under the pleadings, and unless the allegations exclude every reasonable hypothesis of facts other than those showing that plaintiff cannot recover, as a matter of law, on any ground whatsoever. Steagall v. Houston Fire & Casualty Insurance Co., 138 So.2d 433 (La.App., 1962).
The provisions of the Workmen's Compensation Act must be construed liberally in favor of claimants thereunder. LSA-R.S. 23:1317; Maddry v. Moore Bros. Lumber Co., 197 So. 653 (La.App., 1940); Yelverton v. Louisiana Cent. Lumber Co., 19 La.App. 21, 138 So. 684 (1932).
The terms "accident" and "injury" appearing in LSA-R.S. 23:1021(1) and (7), must be interpreted liberally in favor of an injured employee. Funderburk v. Calcasieu Paper Co., 261 So.2d 277 (La. App., 1972); Gotte v. Cities Service Oil Company, 298 So.2d 920 (1974).
For a cause of action, Appellant's petition recites the following pertinent allegations:
"1.
At all material times mentioned here and after, Martin Decker Corporation was the employer herein and was doing business in the Parish of Terrebonne, State of Louisiana.
2.
At all material times mentioned hereafter, the work in which Martin Decker Corporation was engaged at the time of the accident in question was hazardous and particularly the work normally performed by petitioner was hazardous within the contemplation of Louisiana Workmen's Compensation Act.
3.
On or about September 24, 1973, petitioner was employed at a wage of $1,000.00 DOLLARS per month.
4.
On the above stated date, petitioner was working as a Field Technician and while attending a company meeting in Houston, Texas, at Angelo's Fisherman's Wharf, Inc. Restaurant, petitioner contracted Hepatitis and as a result, petitioner is unable to work.
5.
Since the time of the accident, petitioner has not been able to return to his work due to the continued presence of the disease.
6.
As a result of said injury and accident, petitioner is totally incapacitated to perform work of any reasonable character for which he is suited by reason of his training experience and is therefore totally and permanently disabled.
7.
Petitioner shows that his said condition and disability are the result of the above described incident, arising out of, in the course of, his employment with Martin Decker Corporation."
From the foregoing, we readily deduced that Appellant alleges disability resulting from an accident, and not from an occupational disease as contended by Appellee. We treat the matter accordingly.
Accident, injury and personal injuries are defined in LSA-R.S. 23:1021(1) and (7), as follows:
"(1) `Accident' means an unexpected or unforeseen event happening suddenly *4 or violently, with or without human fault and producing at the time objective symptoms of an injury."
`(7) `Injury' and `Personal Injuries' includes only injuries by violence to the physical structure of the body and such disease and infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."
Appellee contends that Appellant's alleged contraction of hepatitis could not constitute an accident as above defined because hepatitis is known to be caused by a virus. Consequently, Appellee maintains that ingestion of a virus does not occur violently and produces no objective symptoms of injury. Next, Appellee argues that hepatitis is not an injury as defined above because it is not produced by violence to the physical structure of the body and neither is it an infection or disease which naturally results from injury by violence to bodily physical structure.
It has long been the jurisprudence of this state that to constitute an accident `within the meaning of LSA-R.S. 23:1021(1), an incident need only occur suddenly and unexpectedly within the scope and during the course of the employee's employment, and it need not necessarily produce instantaneous objective symptoms of injury. This rule is classically illustrated by innumerable cases involving muscular sprain or strain and rupture of intervertebral discs in the performance of an employee's routine duty. In such cases, the employee is held to have sustained an accident. See, for example, York v. E. I. DuPont De Nemours & Co., 37 So.2d 68 (La.App., 1948); Talbot v. Trinity Universal Ins. Co., 99 So.2d 811 (La.App., 1958).
Insofar as recovery of workmen's compensation benefits are concerned, the requirement that an incident or event must be unexpected or unforeseen to constitute an accident refers to the results and not the cause. Smith v. Brown Paper Mill Co., Inc., 152 So. 700 (La.App., 1934). In such cases, the requirement that objective symptoms of injury result from an accident is satisfied by the unexpected appearance of symptoms of pain or disability, or an unexpected change in the employee's physical condition caused by routine working conditions. In this connection, Custer v. Higgins Industries, Inc., et al., 24 So.2d 511 (La.App., 1946), involved an employee who died of a ruptured malignant tumor. The unexpected result produced immediate pain when the employee pressed his elbows against his stomach while raising a skylight hatch door. The court there found that the event was an accident.
This same principle has been applied in heart attack cases. Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625 (1946); Lampkin v. Kent Piling Co., Inc., 34 So.2d 76 (La.App., 1948). It has also been applied in cases involving cerebral hemmorrhage. Murray v. Mengel Co., 9 S. 2d 818 (La.App., 1942).
Injury by violence to the physical structure of the body has been found in cases concerning skin poisoning. Woodward v. Kansas City Bridge Co., 3 So.2d 221 (La. App., 1941); inhalation of dirt or dust particles, Stiles v. International Paper Co., 39 So.2d 635 (La.App., 1949), and minute particles in the eye, Rochell v. Shreveport Grain & Elevator Co., Inc., 188 So. 429 (La.App., 1939).
In Cannella v. Gulf Refining Co., 154 So. 406 (La.App., 1934), a painter who suffered lead poisoning from ingestion or inhalation of paint while employed in his employer's automobile repair department, was found to have suffered injury by violence to the physical structure of the body when the onset of lead poisoning resulting therefrom was determined to be acute. Relying upon certain common law decisions cited therein, the Court in Cannella reasoned that where an employee suffers a gradual health impairment produced by working conditions over a protracted period of time, the resulting *5 disability is classified as an occupational disease, but where the onset of the disease is sudden due to its acuteness, the condition constitutes an accident.
A municipal zoo employee was denied compensation for disability resulting from psittacosis or "parrot fever", allegedly contracted during the course and within the scope of his employment, in Stuckey v. City of Alexandria, 81 So.2d 46 (La.App., 1955). In Stuckey, above, the court in effect reiterated the rule in Cannella, above, but denied recovery of compensation upon finding that the condition did not meet the requirement of an accident or injury because the onset of the condition was gradual and not acute. Stuckey, above, also noted that the employee failed to establish causal relationship between his disability and his employment.
Recently in Gotte v. Cities Service Oil Company, 298 So.2d 920 (1974), plaintiff was held to have stated a cause of action where he claimed compensation for disability resulting from pneumonia contracted as the result of working conditions which required his periodic leaving and re-entry into a high temperature environment. Plaintiff's exposure to such conditions was held to be a "traumatic experience which weakened his bodily defenses and allowed pneumonia to develop."
We also find Vidrine v. New Amsterdam Casualty Co., 137 So.2d 666 (La.App., 1962), appropos the case at hand. In Vidrine, above, a dragline operator, ill in bed with pneumonia, was recalled to work under unfavorable weather conditions. He later contracted tuberculosis, and was held to have sustained a compensable accident upon establishing causal connexity between his work and the disability resultant from his contraction of pneumonia.
We find that an acute condition which occurs suddenly and unexpectedly, which results from an employee's working conditions, which causes damage to or disruption of a bodily organ or component, and which disables the employee, is a compensable injury within the definition of the term "injury" as contained in LSA-R.S. 23:1021(7).
We are of the view that the physical structure of the body encompasses the entire body structure, both internal and external, including bodily organs and fluids. To limit the physical structure of the body to the external structure would do violence to the principle that the terms of the compensation act are to be liberally construed in favor of the employee. Such a narrow interpretation of the term "physical structure" would preclude recovery for disability produced by the inhalation or ingestion of poisons or other agents which do not affect the external bodily structure, but which operate solely upon internal organs, bodily fluids or other internal bodily components.
In this regard, we again refer to Gotte, above, wherein temperature changes, which produced pneumonia, were held to have resulted in injury as defined in the pertinent statute. We also note in this connection, Taylor v. List & Weatherby Construction Co., 146 So. 353 (La.App., 1933), in which claimant, a diver, sustained an attack of "bends" or "Caisson disease" caused by displacement of nitrogen in his blood as the result of a sudden change in atmospheric pressure. Although there was no violence to the body in the sense of a traumatic episode, compensation was awarded.
We are aware of and can readily distinguish Danziger v. Employers Mutual Liability Insurance Co. of Wisconsin, 245 La. 33, 156 So.2d 468 (1963), wherein the physical structure of the body was distinguished from the psychic or emotional aspect of the human body. In Danziger, above, plaintiff, an executive officer of a corporation, suffered a paralytic stroke caused by cerebral thrombosis induced by a severe emotional or psychic trauma. Compensation was denied on the ground that compensable injuries are limited to those "affecting the physical structure of the body", and therefore restricted to "traumatic physical hurts." The court categorized plaintiff's trauma as "emotional or *6 psychic". We agree in principle with Danziger in its classification of that plaintiff's injuries.
However, in the instant case, we are concerned with hepatitis, which disrupts the normal functioning of the liver, an internal bodily organ.
Infectious hepatitis is defined in Webster's Third New International Dictionary, 1963, as follows:
"1. an acute virus inflammation of the liver characterized by jaundice, fever, nausea, vomiting and abdominal discomfortcalled also catarrhal jaundice, homologous serum hepatitis, serum hepatitis. 2. Weil's disease; . . ."
Webster's Third New International Dictionary, 1963, defines Weil's disease as follows:
". . . a leptospirosis that is characterized by chills, fever, muscle pain and hepatitis manifested by more or less severe jaundice and that is caused by a spirochete . . . ."
We see no reason why a virus or spirochete which attacks an internal organ (the liver) and produces disability, where the entry of the organism results from an employee's working conditions, and the onset of the condition is acute, should be distinguished from pneumonia (which affects the lungs), or the bends (which is a displacement of nitrogen from the blood stream). In each instance, the results are sudden and unexpected. Neither can we see any difference between a condition resulting from oral ingestion of a virus or spirochete, and a condition resulting from the inhalation of paint spray or the inadvertent oral intake of poison or some other harmful or noxious substance. It is elementary, of course, that the employee establish causal connexity between the condition and his employment in every instance. This, however, addresses itself to the question of proof.
Appellant's petition, although factually alleging contraction of hepatitis within the scope and during the course of his employment, is obviously vague otherwise. We suspect its inartfulness was deliberate. Nevertheless, under the rule of liberal interpretation which must be applied herein, we think the petition suffices to state a cause of action.
In passing, we note that the time in which Appellee may except to the vagueness of plaintiff's petition has not expired. The dilatory exception of vagueness may be pleaded prior to answer or entry of judgment by default. LSA-C.C.P. art. 928.
The judgment of the trial court sustaining the peremptory exception of no cause of action filed by defendant, Martin Decker Corporation, and dismissing plaintiff's suit, at plaintiff's cost, is reversed and set aside, and this matter remanded to the trial court for further proceedings consistent with the views herein expressed; all costs of this appeal to be paid by defendant, Martin Decker Corporation.
Reversed and remanded.