JANVIER, Judge.
This suit arises under Louisiana compensation laws, Act 20 of 1914, as amended, LSA-R.S. 23:1021, 23:1031.1.
The plaintiff was an employee of defendant, Godchaux Sugars, Inc., and he brought the suit against the said employer. He has appealed from a judgment of the 29th Ju *443 •dicial District Court for the Parish of St. John the Baptist under which exceptions ■of no right or no cause of action were maintained and the suit dismissed.
The petition alleges that at some undisclosed time, apparently during the early part of the year 1955, he was employed by the defendant as a “pan operator” or “sugar dryer” and that he was suffering from a “pre-existing condition of pulmonary tuberculosis”; that during the Winter of 1955-1956 he was “continually subjected to' severe changes in temperature in going from the excessive heat of the place of work into the cold outside air”; that he was “continually subjected to instances where he was called upon to strain severely •and' render unusual exertion.”. He further alleges that at some undisclosed' time in ■the early part of April 1955, “the exact date of which is unknown”, he began to have fever, to lose weight and to “experience other signs of illness.” He further asserts that it was found that he had tuberculosis and that, as a result, he was confined in a hospital for about six months with the ultimate result that he is now totally, permanently disabled and that the disability results from the fact that his pre-existing “pulmonary tuberculosis” was aggravated and activated as “a direct result of the excessive heat, dampness, change in temperature, and excessive strain and exertion to which petitioner was subjected in the course and scope of his employment,” and that its final effect on petitioner’s health “greatly hastened and accelerated his resultant disability.” He then alleges that, as a matter of law, his being subjected to excessive heat, dampness, etc., and to excessive strain and exertion constitute “accidents” and that these accidents activated and aggravated his pre-existing condition and that thus he is entitled to compensation for permanent total disability. He prays for judgment for $30 per week for 400 weeks, and for medical expenses, interest, etc.
As we have said, the matter is before us on appeal from a judgment which maintained the exception of no cause of action and the argument of defendant is that plaintiff’s petition contains no allegation that there was any accident which caused his disability and that if his petition can be construed as alleging that he is suffering from an occupational disease, there can 'be no recovery because, although an occupational disease is now compensable as a result of Act 532 of 1952, LSA-R.S. 23 :- 1031.1, it is especially provided that “tuberculosis shall not be an occupational disease within the meaning of this Section”.
In his oral argument and in brief counsel for plaintiff asserts that counsel for defendant have misunderstood the allegations of the petition and have contended that no compensation is due because the disability results .from -tuberculosis and tuberculosis is not an occupational disease which is recognized by the referred, to amendment.
Counsel for plaintiff is wrong in assuming that this is the contention of counsel for defendant, the contention being, as a matter of fact, that no accident occurred.
There is no doubt, and counsel for defendant concede, that if an employee is suffering from a physical ailment, tuberculosis or any other disease, there can be recovery in compensation if, as a result of accident, the pre-existing condition is accentuated or aggravated, with the ultimate result of disability. But they contend that here the petition definitely states that there was no accident which occurred at any designated time and that the pre-existing condition of plaintiff grew worse merely as,the result of his continued working under the conditions under which he was employed, even assuming that the allegations of his petition set forth the true state of facts.
It is well settled that unless the recovery is justified under the-occupational *444 disease amendment of the statute, it must be shown that there was an accident however slight the importance of the accident may-have appeared at the time of its occurrence.
Long before the enactment of the occupational disease amendment we discussed occupational diseases and the necessity for an accident in order that the plaintiff be entitled to recovery. See Cannella v. Gulf Refining Co., La.App., 154 So. 406, 408. There the plaintiff was engaged as a painter and inhaled paint fumes over a long period of time and this caused our discussion of the meaning of the term “ ‘vocational or occupational disease’ We said:
“The term ‘vocational or occupational disease’ has been defined by several of the courts as follows:
“Occupational disease is one wherein the cumulative effect of employee’s continued absorption of deleterious substances from his environment ultimately results in manifest pathology.
“In occupational disease, any one exposure is inconsequential in itself, but the continual absorption is the factor which brings on the disease. In such cases, he can be held injured only when the accumulated effect of the deleterious substances manifest themselves. Associated [Indemnity] Corporation v. Industrial Accident Comm., 124 Cal.App. 378, 12 P.2d 1075.
“ ‘Occupational disease is a diseased condition arising gradually from the character of the employee’s work.’ Peru Plow & Wheel Co. v. Industrial Comm., 311 Ill. 216, 142 N.E. 546.
“If the disability comes on gradually, it is not an accident but an occupational disease. Mauchline v. [State] Insurance Fund, 279 Pa. 524, 124 A. 168.”
We found, however, that, as a matter of fact, there had been. an accident and that therefore the' plaintiff was entitled to recover since the evidence showed that though the plaintiff had been inhaling the paint fumes for quite some time, he had been overcome at a particular specified time and that therefore it could be said that an accident had occurred. We said:
“There , is no doubt that the acute lead poisoning from which the plaintiff suffered was unexpected and unforeseen and happened suddenly or violently with or without human fault and produced at the time objective symptoms.”
In Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23, the Supreme Court, having granted a writ of certiorari, reversed our decree which had been in favor of the defendant. We had held that the occurrence to Which plaintiff pointed as an accident had been of such slight importance that it could not be classified as an accident. The Supreme Court held that, however unimportant it might seem at the time, if there was an accident and the ultimate condition of the employee could be traced back to that slight accident there could be recovery, but the Supreme Court definitely held that there must be an accident and pointed to the fact that the plaintiff there was able to point out the exact time and place at which the very slight accident had occurred.
In Mitchell v. Department of Highways, La.App., 27 So.2d 646, 649, cited by counsel for plaintiff, the Court of Appeal for the Second Circuit discussed at length occupational diseases and held that the condition of the plaintiff had resulted from an occupational disease and not from accident and that therefore there could be no recovery. In that case, as in many others, the Court quoted the definition of the word “accident” as it appears in our compensation statutes:
“ * * * ‘The word “Accident,” as used in this act, shall, unless a differ *445 ent meaning is dearly indicated by the context, be construed to mean an unexpected or unforeseen event happening, suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.’ ”
In Yaw v. Mathieson Alkali Works, La.App., 26 So.2d 718, 719, recovery was allowed a plaintiff who suffered as a result of inhaling gas fumes. However, the Court found that the plaintiff had inhaled the particular fumes at a specified time. The Court said:
“ * * * If plaintiff’s account of the happening is true, the event was sudden, if not wholly unexpected, and produced objective symptoms of an injury. It was not a result produced over a long period of time by exposure to the gas fumes. * * * ”
In Glover v. Fidelity & Casualty Co., La.App., 10 So.2d 255, 256, the disability resulted from the fact that at a particular time “plaintiff * * * got a lot of the dust in his eye and that he rubbed his eye, which aggravated the pain.”
In Harris v. Southern Carbon Co., Inc., La.App., 162 So. 430, 433, the disability resulted from a cancerous condition or growth on one of the legs of plaintiff. It was held that though plaintiff had had a pre-existing cancerous condition, it was accelerated and aggravated by the fact that while climbing a pole to fix certain electrical insulation, his right foot slipped and in order to save himself he violently struck the climbing spur on his foot and the strap on the spur “skinned the back of his leg”. Definitely, that occurrence could be classified as an accident.
In Stuckey v. City of Alexander, La.App., 81 So.2d 46, 47, the latest decision on this particular question, the Court of Appeal for the First Circuit considered a case in which the employee suffered from a disease known as psittacosis. The Court held that there could be no recovery, saying:
“* * * No evidence was adduced to show that the disease was contracted through a scratch, bruise or other injury or violence to the physical structure of the body.”
Counsel for plaintiff confidently cites Malone’s Louisiana Workmen’s Compensation Law Practice, 1955 Pocket Part, section 218, page 27:
“Our courts have held in the past that an accidental injury which demonstrably weakens the worker’s resistance so that a dormant tubercular condition is activated entitles the victim to compensation for the entire resulting disability. This conclusion should not be affected by anything contained in the Occupational Disease Section, for in such a situation the claimant is seeking compensation for an accidental injury, and tuberculosis is properly regarded merely as an aggravating factor.”
We agree fully with this statement. It means that if there is an occupational disease which is within the contemplation of the pertinent amendment, there may be recovery even without an accident and that if there is an accident there may be recovery even though the disability might not have resulted had there not been an already existing disease. And it means too that if there is no right to recovery for an occupational disease, there must be an accident, “an unexpected or unforseen event * * * producing at the time objective symptoms of an injury.”
Our conclusion is that the allegations of the petition cannot be interpreted as stating anything except that the plaintiff is disabled as a result of the gradual development of a pre-existing condition and that this development cannot be said to have resulted from accident. There must be some actual occurrence which may be pointed to and which can be said to have aggravated or lighted up the there *446 fore dormant condition. If the petition merely failed to allege sufficient facts and it seemed possible that an amendment might be made which would allege the occurrence of an accident, the matter should be remanded and the plaintiff afforded an opportunity to make such an amendment, but' the affirmative allegations show that there was no accident. There was merely the gradual development of a pre-existing disease.
The judgment appealed from is affirmed.
Affirmed.