YARRUT, Judge.
Plaintiff appeals from a judgment of the District Court dismissing his claim for workmen’s compensation on an exception of no cause of action, without any pleading amendment or formal trial on the merits. In his petition Plaintiff alleged, inter alia:
*585 That he was employed by Kaiser Aluminum & Chemical Corp. approximately Syí years; that for several months prior to July 19, 1957, he had been working constantly under conditions wherein he was exposed to constant and incessant loud noises; that notwithstanding he had requested a transfer to a department where it was more quiet, he was required to continue working under the aforesaid conditions; that due to the loud and incessant noise he sustained a progressive loss of hearing, which forced him to cease work on July 19, 1957; that he made many complaints of the noise and progressive loss of hearing caused by the noise, to his employer; that his injury was diagnosed as boilermaker’s deafness, and was advised by his physician to cease working under such conditions or face the alternative of total deafness.
Defendant contends that Plaintiff’s above allegations do not state a cause of action because they do not relate facts that (a) would bring him under any one of the occupational disease definitions of LSA-R. S. 23:1031.1; nor (b) under LSA-R.S. 23:-1021, which defines the term accident and excludes all other injuries from coverage as follows:
“ * * * (1) ‘Accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.
❖ * * * * *
“(7) ‘Injury’ and ‘Personal Injuries’ includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted. * *»
Defendant’s contention is that Plaintiff cannot pinpoint the date he actually experienced the disability, which was of slow, continuous causation over a period of two months, hence, he has not alleged that his injury resulted from an accident that occurred “suddenly or violently,” as the term “accident,” to be compensable, is defined under LSA-R.S. 23:1021, quoted supra.
As the allegations of Plaintiff’s' petition must be taken as proved under an exception of no cause of action, we must; accept as a fact that he promptly and repeatedly complained of the deafening noise and requested transfer to a more quiet department. Whether the first experience caused a fracture of his eardrum and produced deafness, and the recurring noise vibrations merely aggravated the existing injury, we do not know, and cannot evaluate without competent evidence. Non con-stat the first noise vibration might have been as such a high frequency that the ear drum was immediately pierced, in which event a “sudden, or violent” accident occurred as defined by the statute.
Perhaps Plaintiff’s deafness was in the embryo state when he was first subjected to the noise, which resulted in his alleged deafness only after two months' exposure. To what extent sound or heat waves may be destructive of body tissues must be determined from the testimony of competent experts.
Unless recovery of workmen’s compensation benefits for disability due to an occupational disease is justified under the occupational disease amendment to the Workmen’s Compensation Law (LSA-R.S. 23:1031.1) it must be shown that there was an accident, however slight the importance of the accident may have appeared at the time of its occurrence. Valentine v. Godchaux Sugars, La.App., 90 So.2d 442.
It is now well-established in our jurisprudence that if excessive heat, etc., etc., although usual and customary, causes or contributes to a physical breakdown or accelerates its occurrence because of a pre-existing condition, the legal require- *586 merits are present to constitute an accident and the injury is compensable. Lampkin v. Kent Piling Co., La.App., 34 So.2d 76, and authorities therein cited.
Where an injury does not involve an accident causing external injuries or producing objective symptoms, we must look to the testimony of the medical experts to determine whether the injury is one of those cases that comes within our well-settled jurisprudence that the legal requirements are present to constitute an accident and an injury compensable where excessive heat, etc., etc. causes or contributes to a physical breakdown. Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625.
Where symptoms of disability appear gradually, increasing imperceptively until finally the point of disability is reached, the courts often call this “occupational disease” for which Compensation is not allowed, except under LSA-R.S. 23:1031.1. See Malone, La. Workmen’s Compensation, § 215. Freiss v. Lone Star Cement Co. (dermatitus brought on by 4 years of contact with cement dust), La.App., 161 So. 209; Mitchell v. Dept. of Highways, La.App., 27 So.2d 646 (one year’s contact with impregnated grease).
“Boilermaker’s deafness” (not yet judicially recognized in Louisiana) is caused by working in places where there are loud noises. Maloy, Medical Dictionary, p. 217. 14 N.C.C.A.3d, p. 1, gives an annotation in which several other states have found “boilermaker’s deafness” to be an occupational disease. Marie v. Standard Steel Works (Mo.), 319 S.W.2d 871, noted in 14 N.C.C.A.3d, p. 1, states the proposition thusly:
“The process of the disease is the destruction or degeneration of the nerve ends in the cochlea. It is induced by the repetitive noises over a long period of time and the resulting injury and disability is the impairment of hearing. It is not known to medical science * * * exactly what it is that causes the deterioration of the nerve ends of the cochlea.”
Mitchell v. Dept. of Highways (supra) defined occupational diseases as those “wherein the cumulative effect of the employee’s continued absorption of deleterious substances from his environment ultimately results in manifest pathology. In occupational disease any one exposure is inconsequential in itself, but the continued absorption is the factor which brings on the disease.” [27 So.2d 648.]
In Glover v. Fidelity & Casualty Co., La.App., 10 So.2d 255, and in Stokes v. Miller, La.App., 50 So.2d 509, it was stated that symptoms do not constitute occupational disease where they manifest themselves in a few days.
The distinction between the Mitchell and the Glover cases, supra, and this case, is that in the former the disability extended over a few years, while here the complaint of deafness was made in a few days and deafness is alleged to have taken place in a few months.
Failure of claimant’s petition to allege either the occurrence of an accident or any injury attributable to and connected with his employment, would not justify a dismissal of suit on an exception, but only a remand for the purpose of permitting adequate amendment of the pleadings. Johnson v. Maxwell, La.App., 113 So.2d 27.
We would like to be enlightened by expert medical testimony as to the cause, effect and diagnosis of the “boilermaker’s” disease Plaintiff complains of.
However difficult it may be for an injured workman to allege and prove he suffered a compensable injury under the Compensation Act, the paternalistic public policy regarding these matters requires that every opportunity be afforded the injured workman to allege and prove the cause and effect of such injury.
*587 For the reasons assigned, the judgment maintaining the exception of no cause of action must be annulled and set aside, and the case remanded to the District Court to allow any proper pleading amendment, and a trial on the merits as provided by law; costs, penalties and fees to await final judgment.
Judgment annulled — case remanded.