116 So.2d 144 (1959)
Steve CIRCELLO, Plaintiff-Appellee,
v.
HAAS & HAYNIE CORP. et al., Defendants-Appellants.
No. 4879.
Court of Appeal of Louisiana, First Circuit.
November 16, 1959.
Rehearing Denied December 21, 1959.
*145 Deutsch, Kerrigan & Stiles, Marian Mayer, Guy W. Smith, New Orleans, Richard Kilbourne, Clinton, for appellants.
White & May, Baton Rouge, Leon A. Picou, St. Francisville, for appellee.
Before ELLIS, LOTTINGER, TATE, and CULPEPPER, Judges.
TATE, Judge.
Pursuant to his demand, plaintiff was awarded compensation for total and permanent disability. Defendants, his employers and their insurer, appeal.
Plaintiff sustained a lumbo-sacral strain while lifting a steel beam at work on May 21, 1958. He was paid weekly compensation through July 15, 1958. This litigation concerns whether his disability persisted beyond this latter date, when he was discharged by defendants' doctors as fully cured. The specific medical and legal question before us is, did the accident in question activate or accelerate a pre-existing defective condition of plaintiff's spinal column from an unpainful and non-disabling latent defect into a painful and disabling back?
The District Court found plaintiff to be totally disabled as of the date of the trial from performing the duties of an iron worker, the occupation in which he was injured. The trial court thus accepted the plaintiff's testimony of constant complaints of back pain since the date of the accident, somewhat corroborated by lay testimony that he had been unable to engage in public work since that time; and based its award upon the testimony of Dr. George, orthopedist testifying on behalf of plaintiff, that plaintiff was still disabled by his back condition from performing duties requiring heavy work.
*146 The medical experts testifying agree that plaintiff was born with an incomplete sacralization and a pseudoarthrosis of the fifth lumbar (L-5) and first sacral (S-1) vertebrae of the spinal column. (That is, the bony processes to which the muscles attach on each side of the fifth lumbar vertebra were longer than usual, and were completely joined to the first sacral vertebra on one side and partially joined on the other.) The medical witnesses further agreed that such a condition need not, and often does not, produce disabling symptoms. However, they stated that an employee with such congenital defect is predisposed to back injuries.[1]
There is little dispute as to the general principles applicable. As defendants contend, plaintiff bears the burden of proving that any present disability was caused by an accident at work. Fontenot v. Travelers Ins. Co., La.App. 1 Cir., 112 So.2d 175. As plaintiff contends, an injury is compensable if an incident at work precipitates or accelerates a pre-existing predisposition or disease into becoming a present disability, or contributes to activation of such a latent condition into disability. Cutno v. Neeb Kearney & Co., 237 La. 828, 112 So.2d 628; Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811. Likewise, a residual condition is legally disabling and compensable if, as a residual from an accidental injury, the possibility of a reoccurrence of a disabling condition upon a return to work is substantially increased as a result of the accident, as compared with the danger of such occurrence being caused by performance of the work before the accident. McKnight v. Clemons, La.App. 1 Cir., 114 So. 2d 114.
In the present case, it is our opinion that, as the defendants urge, the plaintiff has not borne his burden of proving that any present disability is caused by an accident in the course of his employment.
Doctors Bannerman and Cracraft, orthopedists, and Dr. Edelman, neurosurgeon, testified in person or by report that their examinations on various dates prior to trial found no objective evidence or organic cause for plaintiff's complaints of disabling pain. Plaintiff relies solely upon the testimony of another orthopedist, Dr. George, who examined plaintiff on August 1, 1958, and on February 18, 1959.
On the latter date, immediately prior to trial, Dr. George found plaintiff disabled solely by reason of the congenital defect. He admitted that, without benefit of X-ray or history of prior accidents, he would pass plaintiff as fit to return to his duties as an iron worker. (Tr. 37.) His testimony that the longer plaintiff continued at heavy work, the more subject he would become to injury or pain from such heavy work (Tr. 48), is apparently the medical basis upon which our learned trial brother found plaintiff to be presently disabled.
However, Dr. George did not find the plaintiff's present disability to result from the accident in defendant's employ, nor did he find that as a result of such accident the hazard of a reoccurrence of the disability would be substantially increased by plaintiff's return to work. That is, insofar as Dr. George's testimony shows, plaintiff was by the time of his second examination recovered from any disabling symptoms of the lumbo-sacral strain; the disability he then evaluated was based solely upon the congenital defect. Such disability consisted chiefly of a susceptibility to back injury, and so far as the record indicates Dr. George would have found plaintiff equally disabled for such cause before the accident or even before he had gone to work for the defendant employer.
*147 Some effort is made by plaintiff's able counsel to claim that disability resulted not from any single incident but by reason of repeated strains during the performance of plaintiff's work. It is true that in at least two cases disabilities caused by cumulative effects over many years, rather than by any single accident, were held to be compensable. York v. E. I. DuPont De Nemours & Co., La.App. 1 Cir., 37 So.2d 68; Harris v. Southern Carbon Co., La.App. 2 Cir., 162 So. 430. They are, however, against the weight of the jurisprudence. Malone, Louisiana Workmen's Compensation (1951), § 215. They concerned instances where the employees had been subjected to repeated strains or irritations during many years of employment with the same employer; and, if valid authority, are not applicable to the present instance, where any cumulative effects resulted from employment as an iron worker for several employers over several years and not from the brief period of one month during which the plaintiff worked for the present defendant employer.
We do find, however, that plaintiff has proven temporary total disability extending beyond July 15, 1958, the date through which he was paid compensation by defendants. On Dr. George's initial examination (August 1), he found limitation of motion (Tr. 35), mild muscle spasms (Tr. 60), and some atrophy (See P-2.) It is uncontested that the congenital deformity of plaintiff's back assumes significance as to disability if accompanied by complaints of pain and clinical findings such as muscle spasm. (Tr. 51, 53.) (Dr. George also prescribed a back brace which plaintiff bought at his own expense on September 15th and subsequently wore.) This disability is somewhat corroborated by Dr. Bannerman's testimony that in the usual course of events lumbo-sacral strains persist for from four to six months. (Tr. 137-8). By February 15th, 1959, Dr. George found no residual clinical symptoms of disability.
The trial court's acceptance of the testimony of plaintiff that, following a similar incident in 1955, he had returned to and successfully performed the heavy duties of iron worker without complaint, until the present incident, following which he continuously suffered pain upon exertion; and the medical evidence above summarized: does in our opinion justify an award under LSA-R.S. 23:1222: "For injury producing temporary total * * * disability the court may, in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of disability."
Exercising the statutory discretion entrusted to us, we find that the probable duration of disability under the evidence before us in this record is four months following May 21, 1958, the date of accident.
Whether plaintiff's continued complaints of pain extending through the trial in February of 1959, if genuine as found by the trial court upon what seems to be convincing testimony, were due to imagination; whether they were due, as suggested by defendants, to reflected pain from a stomach ulcer; or even whether they were due to some traumatically caused condition not discovered by the examining medical specialists: is not for this court to speculate. We must, with some misgiving it is true, find that upon the present record plaintiff has not borne his burden of proving that any disability subsequent to September 21, 1958 is medically related to or caused by the accident suffered in the course of his employment. We must, therefore, dismiss his claim for compensation beyond such date.
One incidental question remains for disposition. By motion filed in this court on the date of oral argument, counsel for plaintiff requests removal of a discovery deposition found in the record but not introduced in evidence. Discovery depositions are admissible at the trial for certain restricted purposes. LSA-R.S. 13:3745. *148 But unless introduced in evidence, they cannot be considered by the trial or appellate courts. Chouest v. Remont, La. App. 1 Cir., 81 So.2d 568. Accordingly, the motion will be granted, and the deposition removed from the record and returned to the clerk of the trial court.
For the foregoing reasons, the judgment below is amended so as to limit the award of weekly compensation to plaintiff to that due through September 21, 1958 (subject to credit for compensation paid through July 15, 1958), together with legal interest thereon from date of delinquency until paid; and, as thus amended, the judgment is otherwise affirmed.
Amended and affirmed.
NOTES
[1] The condition also predisposes an employee to traumatic or degenerative arthritis. There is no claim that the plaintiff-employee's disability results from an activation of an arthritic condition, nor is there any medical evidence herein to such effect.