LANDRY, Judge.
Two questions are presented by plaintiff’s appeal herein from the judgment of the trial court rejecting his claims for workmen’s compensation benefits. The first issue is whether appellant, a tractor driver, sustained a compensable accident within the definition of the term “accident” contained in the applicable statute and secondly, whether plaintiff incurred disability as a result of the purported adverse incident. Named sole defendant here *9 in is Travelers Insurance Company, sometimes hereinafter referred to simply as “Travelers”, compensation insurer of plaintiff’s employer, McDermott Fabricators, who was not joined as a respondent.
Travelers’ answer alternatively pleads for credit for workmen’s compensation benefits paid and for compensation or set-off of certain non-industrial disability indemnity payments, in the sum of $85.00 per week, disbursed appellant pursuant to a group insurance policy issued by ap-pellee to appellant’s aforesaid employer. Appellee’s alternative reconventional demand for refund of the amount by which such set-off claimed may exceed the benefits found to be due appellant under our Workmen’s Compensation Law, must be deemed abandoned in view of appellee’s failure to appeal or answer plaintiff’s appeal.
Plaintiff’s petition alleges his claim is based on an accident which occurred on or about April 27, 1957. Suit was filed herein on July 7, 1959, the matter was tried in June, 1960, and judgment rendered April 15, 1965, rejecting appellant’s demands. However, in appellant’s brief before this court it is argued that an accident causing back pains was reported as of February 19, 1957, subsequent to which continuing aggravating trauma was experienced until April 1, 1957, and that the court should conclude a compensable accident befell plaintiff on or about April 1, 1957.
Our esteemed colleague below preter-mitted the question of whether an accident occurred as alleged and found that if appellant did in fact sustain accidental injury, his disability therefrom did not continue beyond the date on which defendant ceased compensation payments. In addition the learned trial judge was obviously unimpressed with the sincerity of appellant’s complaints. He considered plaintiffs narrated symptoms “bizarre” and noted that plaintiff was “operating a bulldozer at a time when he would lead the court to believe that he was practically an invalid.”
The record discloses that appellant’s varied complaints required the diagnostic and professional skills of numerous specialists for treatment and evaluation in connection with this litigation, including an internist, an ophthalmologist, a psychiatrist, an anesthetist who performed hynotherapy, several radiologists, a neurosurgeon, a general practitioner, and two orthopedists. In his brief before this court, able counsel for plaintiff has apparently limited appellant’s complaints to some extent and now seems to rely principally on the testimony of Dr. Edmond C. Campbell, orthopedic surgeon, who diagnosed plaintiff’s condition as a lumbo-sacral disc degeneration and blackout episodes of undetermined origin. In this regard Dr. Campbell explained that a disc degeneration (not to be confused with a ruptured disc) would be aggravated by driving a tractor. In substance appellant maintains he is totally and permanently disabled by a disc degeneration either caused by driving a tractor in the employ of McDermott Fabricators, or that the syndrome was precipitated and made manifest by such activity. Stated otherwise, appellant’s alternative contention is simply that the employment in question aggravated a preexisting asymptomatic condition.
The record reveals appellant to be a 29 year old male with a third grade education. He had been in the employ of his aforesaid master, as a tractor or bulldozer operator, for several years preceding his alleged accident. Among his duties was the task of “stabbing pipe” which the record shows consists of lifting lengths of pipe by means of a boom attached to a tractor and thusly holding the lengths end to end in order that they might be joined by welding.
*10 In substance plaintiff’s' petition alleges and plaintiff testified that the tractor he was operating for his aforenamed employer was equipped with a spring type operator’s seat which was supposed to have a wooden back attached thereto for the convenience and comfort of the driver.' While his testimony is not entirely clear on the point, we gather from reading the record that appellant maintains either that there was no back to the seat or that the back was loose, improperly attached or defective in some fashion. Appellant also testified that due to the absence or defective condition of the back rest, when he operated the tractor the jarring of the machine caused constant contact or friction between his back and the tractor’s fuel tank producing severe pain. According to plaintiff he first noticed the onset of pain approximately one month prior to April 1, 1957, which condition daily worsened progressively until April 1, 1957, when the discomfort became so intense he could no longer bear the aching and reported the matter to his superior who referred him to the company physician.
The record contains testimony contradicting appellant’s declarations regarding the alleged defectiveness of the tractor seat but the dispute is one of no particular moment considering negligence is not an issue in a case of this nature. Therefore we assume, arguendo, plaintiff’s version of the circumstances surrounding the onset, cause and progression of his pain is true. The foregoing assumption presents the first issue to be resolved, namely, whether the circumstances related by appellant constitute a compensable accident.
However, before proceeding to a discussion of that portion of the Workmen’s Compensation Law defining “accident”, we note that counsel for appellant points out certain evidence of record which he contends shows the occurrence of an accident. We believe, however, counsel has misconstrued the evidence relied upon as we shall proceed to demonstrate. In this regard counsel alludes to the testimony of C. T. Campbell, yard superintendent for McDermott Fabricators, to the effect that appellant’s personnel record shows “2-19-57 severe lumbo sacral strain, date reported 2-19-57, date disability began, 4-2-57.” That no accident occurred on February 19, 1957, as counsel seems to infer from the above notation, appears certain inasmuch as plaintiff was not seen by Dr. Brownell, company physician, until April 1, 1957. To accept counsel’s interpretation of the above notation, is to conclude that appellant continued working despite disability incurred February 19, 1957. Such a finding is utterly inconsistent with appellant’s testimony that he did not feel disabled until April 1, 1957, on which date the pain allegedly became so intense he could no longer endure the suffering and walked off the job. Moreover, while plaintiff testified he complained about the defective tractor seat and reported on other occasions that it was causing his back to hurt, he did not describe any strain, sprain or other sudden and unexpected incident as having occurred on February 19, 1957, or any other specific date. In addition appellant could not have known on February 19, 1957, that he was suffering from “severe lumbo sacral strain,” because the record shows conclusively said condition was not discovered and diagnosed until plaintiff consulted Dr. Brownell on April 1, 1957. We can only conclude, therefore, that the notation mentioned by Campbell was in all probability entered on plaintiff’s employment record at one and the same time after receipt of Dr. Brownell’s initial medical report dated April 2, 1957.
In substance LSA-R.S. 23 :1031 provides that every employer shall be liable for payment of compensation benefits to any employee who sustains personal injury as the result of an accident arising out of and in the course of his employment.
*11 The crucial term “accident” is defined in LSA-R.S. 23:1021(1) as follows:
“§ 1021. Terms defined
******
(1) ‘Accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.”
While the courts have admittedly extended the foregoing provision a most liberal construction, it has not, however, been judicially repealed.
The question of what constitutes an “accident” within the meaning of LSA-R.S. 23:1021(1) is a matter that has plagued and perplexed the judiciary to the extent that some of the decisions on the subject matter appear to be in conflict. Esteemed counsel for appellant cites and relies upon York v. E. I. Dupont De Nemours & Co., La.App., 37 So.2d 68, and Harris v. Southern Carbon Co., La.App., 162 So. 430. We note that in the York case, supra, despite the fact claimant could point to no specific unexpected or unforeseen event occurring suddenly or violently, the court held it was sufficient that affected parts of the employee’s body gave way while at work for the employer. On this basis compensation was awarded an employee who suffered a ruptured disc in the course and scope of his employment. In the Harris case, supra, the requirement of an “accident” was held to have been met when it was shown the employee sustained a minor injury which never healed and subsequently developed into a cancer, it being further shown the cancer resulted from repeated trauma.
We note that in Circello v. Haas & Haynie Corp., La.App., 116 So.2d 144, the holdings in the York and Harris cases, supra, with respect to compensability of disability resulting from cumulative effects of employment conditions, rather than by single accident, were criticized in the following language:
“Some effort is made by plaintiff’s able counsel to claim that disability resulted not from any single incident but by reason of repeated strains during the performance of plaintiff’s work. It is true that in at least two cases disabilities caused by cumulative effects over many years, rather than by any single accident, were held to be compensable. York v. E. I. Dupont De Nemours & Co., La.App. 1 Cir., 37 So.2d 68; Harris v. Southern Carbon Co., La.App. 2 Cir., 162 So. 430. They are, however, against the weight of the jurisprudence. Malone, Louisiana Workmen’s Compensation (1951), § 215. They concerned instances where the employees had been subj ected to repeated strains or irritations during many years of employment with the same employer; and, if valid authority, are not applicable to the present instance, where any cumulative effects resulted from employment as an iron worker for several employers over several years and not from the brief period of one month during which the plaintiff worked for the present defendant employer.”
We agree that any further extension of the rule enunciated in the York and Harris cases, supra, would constitute judicial amendment of the definition of the term “accident” contained in LSA-R.S. 23:1021(1). Moreover, the York and Harris cases, supra, are inconsistent with the weight of our jurisprudence to the effect that compensation must be denied where injuries are the result of cumulative injuries resulting in the gradual appearance of symptoms which become progressively worse, as distinguished from an accident occurring suddenly, unexpectedly or violently.
In Comoletti v. Ideal Cement Company, La.App., 147 So.2d 711, we held that industrial deafness occasioned suddenly and unexpectedly as a result of exposure to noise of excessive and unusual intensity on a cer *12 tain date, was compensable notwithstanding the employee had previously withstood numerous acoustical traumas incident to his work. We held in effect that the requirement of an accident was met by the particular instance on which the claimant showed he was subjected to an unusual exposure. We believe our holding in the Comoletti case, supra, in accord with that in Whitworth v. Kaiser Aluminum & Chemical Corp., La.App., 135 So.2d 584, in which it was held that where symptoms of disability gradually appear, increasing imperceptibly until ultimate incapacity results, unless the legal requirement of an accident, however, slight, is met, the condition must be deemed a noncompensable occupational disease, unless, of course, the condition falls within the category of occupational disease expressly designated by the statute as com-pensable.
In the instant case appellant is unable to point to any occurrence, however slight, which might fulfill the legal requirement of an accident. Plaintiff did not show how long the tractor seat was defective (if indeed it was deficient in some manner); he did not aver the alleged jolting experienced on operating the tractor was greater than usual on any given day or instance; nor did he maintain that on some express occasion the tractor gave an unusual lurch or struck some object causing him to be thrown violently against the fuel tank thus precipitating an immediate increase in pain or instant aggravation of his condition.
On the contrary, appellant’s testimony eliminated the eventuality of his symptoms becoming manifest on a particular day or as the result of a sudden, unexpected occurrence.
We conclude, therefore, appellant has failed to discharge the burden of establishing disability resulting from a compensable accident. Accordingly, the judgment of the trial court is affirmed.
Affirmed.