FRUGÉ, Judge.
This is a workmen’s compensation suit in which plaintiff alleges permanent total disability and sought an award of $35.00 per week for 400 weeks. After the trial in the lower court there was judgment rejecting plaintiff’s demands, from which he has perfected this appeal.
Defendant has admitted the hazardous nature of plaintiff’s employment, the rate of compensation if any be due, and that plaintiff is totally and permanently disabled. Defendant, however, denies that plaintiff sustained any personal injury by an accident within the meaning of the workmen’s compensation act while in its employ.
Plaintiff was employed by the defendant as an engineer sometime in October of 1963. His duties consisted of operating the engines used in defendant’s sawmill plant. The plaintiff testified that after some six weeks on the job the pair of shoes he wore caused a blister to form on his right foot. Because of this blister he saw Dr. J. L. Sauls, but the doctor did *501 not think the blister to be anything serious so plaintiff went back to work. Some two weeks after this, plaintiff alleges he dropped a piece of pipe on his foot while at work, which caused the foot to get worse'. On January 18, 1964, plaintiff was examined by Dr. Eugene Taylor, an associate of Dr. N. V. Booker who had given plaintiff his pre-employment physical. Plaintiff told Dr. Taylor that a small sore had developed on his right foot some two months prior to that time after he had bought and worn a new pair of shoes. The doctor found plaintiff had a large fungating lesion on the dorsal of the right foot. His impression -was that plaintiff needed a biopsy for a possible carcinoma of the skin on the right foot. Other possibilities were chronic granulation due to a chronic infection. At no time during this examination did the plaintiff tell Dr. Taylor that his foot had been injured when the alleged pipe fell on it. No treatment other than the foot being .treated with furacin dressing was done at -this time, and plaintiff again returned to -work.
On February 11, 1964, plaintiff went to Dr. Richard John Oosta, at which time he was still suffering from a lesion on the •dorsal of his right foot. Plaintiff gave Dr. Oosta a history that the lesion came from a small abrasion caused by wearing new shoes. The doctor first treated plaintiff for infectious lesion, but the doctor had the impression that it was actually an infectious granuloma, which impression was confirmed by a subsequent examination of the tissues by Dr. Matthews. Dr. Oosta testified that the infectious granuloma is ,a special type of "proud flesh” which is produced by an infection. After three subsequent examinations he advised plaintiff that surgery would be required, and plaintiff was admitted to the hospital February 20, 1964. The growth was removed from plaintiff’s foot and a skin graft done. The excess tissue which had been removed -was sent to Dr. Matthews of Shreveport, Louisiana, who diagnosed it as a granuloma--toris process which was related to a deep fungus infection. Plaintiff was released from the hospital five days after surgery and was then treated by Dr. Oosta as an out-patient. Dr. Oosta testified that from the first examination through the surgery he had no reason to believe plaintiff’s disability arose from a trauma, either from the history he received from plaintiff or from the physical examination. On cross examination Dr. Oosta testified that when he first saw plaintiff the foot did not seem to have been injured by any trauma, but rather a granuloma growth caused by the rubbing of the right shoe.
It is of interest to note that plaintiff saw four doctors in all and not once did he relate to any of these doctors the incident of the pipe striking his foot.
Two lay witnesses testified and neither of them corroborated plaintiff’s story of the pipe, and one even testified that on the first night plaintiff went to work he had a bad foot at that time.
After careful consideration of this matter, it is our opinoin that the district court did not err in holding that the plaintiff had failed to prove by a preponderance of the evidence that he had an accident that caused his disability. There is no doubt that plaintiff is disabled, but from the medical evidence it is clear that there was no specific traumatic occurrence which precipitated the disability.
The sections of the Employer’s Liability Act pertinent here are LSA-R.S. 23:1021 and LSA-R.S. 23:1031. The latter provides in part:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereafter designated.”
Thus, in order for an employee to be entitled to compensation, he must re *502 ceive a personal injury as a result of a specific accident within the course and scope of his employment. Paragraph (1) of R.S. 23:1021 defines what is an “accident” within the purview of this statute:
“(1) 'Accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of the injury.”
From the medical testimony, and plaintiff’s own testimony, it is clear that there was no sudden or violent event which preceded this injury. The medical testimony in the record is to the effect that the lesion on plaintiff’s foot was caused by an infection and not as the result of an accident or trauma, but that it was a malignant or deep fungus infection resulting from the imperceptible and gradual irritation caused by plaintiff’s shoe.
As the Supreme Court said in Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468:
“ * * * In restricting by definition compensable injuries to those affecting the physical structure of the body, it (paragraph 7) necessarily narrows the scope of the statute to traumatic physical hurts, evidence of which must appear in order for the event to be classified as an ‘accident’ as defined by paragraph (1) of R.S. 23:1021. * * * For, while compensation for diseases suffered by an employee is recognized as compensable under our law, recovery is limited (save in cases of occupational diseases covered by R.S. 23:1031.1) as provided by Paragraph (7) of R.S. 23 :1021, to those diseases or infections which ‘naturally result’ from a traumatic physical injury to the body in an accident arising out of and in the course of the employment.”
The cases cited by able counsel for the plaintiff are distinguishable from the present case, for in each of the cited cases there was a definite and specific traumatic occurrence which precipitated the resulting compensable disability.
In order for the plaintiff to recover under our Workmen’s Compensation Law, it was necessary that he prove by a preponderance of the evidence that his disability was the direct result of a pipe falling and striking his already injured foot. The trier to facts, the lower court, did not conclude from the evidence presented before him that this was done, and we cannot find manifest error in such a finding.
For the foregoing reasons the judgment of the lower court is affirmed; cost of this appeal to be paid by the appellant.
Affirmed.