DOMENGEAUX, Judge.
Plaintiff, Nelson Gaspard, instituted this action against his employer, Petroservice, Inc., and its insuror, The Travelers Insurance Company, seeking workmen’s compensation benefits for total and permanent disability. Following a trial on the merits the district court rejected his claim and he appealed.
The evidence shows that for the last few months of his employment, plaintiff operated a device referred to as a “screening machine”. This machine contains a screening platform that vibrates orbitally at the rate of 1,750 times per minute. In the course of his duties plaintiff was required to be in physical contact with the vibrating portion of the machine for periods of time, the length and frequency of which is disputed. Plaintiff alleges that the nature of his duties required him to be in frequent and prolonged physical contact with the vibrating portion of the machine. This allegation is strongly disputed by the defendants but for purposes of this discussion we accept plaintiff’s assertion that his physical contact with the vibrations was almost continuous during his working hours.
As time passed plaintiff noticed that his hands would become swollen and painful, and that he would have diminished sensation in them, but with rest the condition would alleviate itself. Eventually, however, the numbness, swelling, etc. became permanent and it was then that plaintiff ceased working and sought medical attention.
The physicians who testified were in general agreement that plaintiff was disabled by a neurological disorder. His condition was said to result from Raynaud’s, Phenomenon, or sympathetic dystrophy, re-; suiting in a loss of sensation in the hands. Thus plaintiff was unable to feel heat, *454 cold, or pressure, making it very likely that he would injure the soft tissues of the hands. Such things as buttoning his shirt or tyin^ his shoes became difficult if not impossible for him to do. While none of the physicians would rule out the vibration of the machine as the cause of plaintiff’s condition, only one of the four who testified, plaintiff’s family doctor, felt fairly certain that that was the cause. The others, all specialists, were most indefinite regarding the cause, and generally, the nature of plaintiff’s ailment. Whether or not plaintiff’s condition arose from his employment, however, it is not one of those occupational diseases made compensable by LSA R.S. 23:1031.1, and we must therefore look to see whether it resulted from an accident. Lee v. Southern Maid Paper Company, La.App., 203 So.2d 431.
The term “accident”, for purposes of the workmen’s compensation law, is defined in LSA R.S. 23:1021 as follows:
(1) “Accident” means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.
(7) “Injury” and “Personal Injuries” includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted.
Plaintiff does not attempt to point to any single event which caused his disability, but instead argues that each vibration that he received from the screening machine constituted a separate accident, the cumulative effect of which was his disability. In support of this theory of what constitutes an accident, he cites but one Louisiana case, i. e. York v. E. I. DuPont De Nemours & Co., La.App., 37 So.2d 68.
The York case, decided by the First Circuit in 1948, held a manual laborer who had developed a ruptured disc as a result of “repeated trauma” to be disabled and eligible to receive benefits under the workmen’s compensation law. .
Professor Wex S. Malone criticized the York case as being “. . . inconsistent with the generally accepted position denying compensation for cumulative injuries where the symptoms appear gradually and become progressively worse.” Malone, Louisiana Workmen’s Compensation Law and Practice, § 215, p. 272. Subsequently, the First Circuit Court of Appeal declared its previous opinion in the York case to be “. . . against the weight of the jurisprudence.” Circello v. Haas & Haynie Corp., La.App., 116 So.2d 144. The same court again rejected the York case in Hargrave v. Travelers Insurance Company, La.App., 187 So.2d 8, stating that:
We agree that any further extension of the rule enunciated in the York and Harris cases, [Harris v. Southern Carbon Co., La.App. 2 Cir., 162 So. 430], supra, would constitute judicial amendment of the definition of the term “accident” contained in LSA-R.S. 23:1021(1). Moreover, the York and Harris cases, supra, are inconsistent with the weight of our jurisprudence to the effect that compensation must be denied where injuries are the result of cumulative injuries resulting in the gradual appearance of symptoms which become progressively worse, as distinguished from an accident occurring suddenly, unexpectedly or violently.
We cited the Hargrave and Circello cases with approval in Lee v. Southern Maid Paper Company, supra. In Lee, the plaintiff claimed that the repeated inhalation of paper dust, in the course of his employment as a paper bag bundler, constituted a series of accidents that caused or aggravated a condition of bronchitis and emphysema citing, inter alia, the York case. His contentions were rejected on the authority of the Circello and Hargrave cases, supra.
Accordingly, we are constrained to conclude that the plaintiff’s exposure to the *455 vibrations of the screening machine in the normal course of his employment did not constitute an accident as that term is defined in the statutes and explained in the overwhelming weight of the jurisprudence. Plaintiff therefore did not suffer a disabling accident and, as aforesaid, his affliction is not one of those enumerated in LSA-R.S. 23:1031.1. Under these circumstances the trial judge was not in error in dismissing plaintiff’s claim for compensation.
If plaintiff was indeed disabled as a result of his employment, the decision reached herein may appear harsh. It is, however, necessary under the constitutional division of governmental power as between the executive, the legislative, and the judiciary. For us to hold otherwise would be an invasion of the realm of the legislature. Should the legislature consider a situation such as this to be inequitable, it has the power to change it, and since only it has that power, only it may exercise it.
For the above and foregoing reasons the judgment of the district court is affirmed at plaintiff-appellant’s costs in both this and in the district court.
Affirmed.