279 So.2d 701 (1973)
James John MONTREUIL
v.
WINN-DIXIE STORES, INC., et al.
No. 5651.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1973.
Rehearing Denied July 3, 1973.
Writ Refused September 7, 1973.
*702 Christovich & Kearney, Lawrence J. Ernst, New Orleans, for defendants-appellants.
Garrett, Carl & Roussel, William S. Vincent, Jr., New Orleans, for plaintiff-appellee.
Before SAMUEL, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
This is an appeal from a judgment in a workmen's compensation suit awarding plaintiff total permanent disability benefits and statutory penalties and attorney's fees as a result of an accident arising out of and in the course of his employment at a Winn-Dixie warehouse on November 27, 1970.
We are faced with two questions. The first is whether the plaintiff's disability (over which there is no dispute) was caused by an "accident". The second is whether the defendants were arbitrary and capricious in denying plaintiff's claim, and, therefore, liable for penalties and attorney's fees.[1]
The facts are that plaintiff was employed by Winn-Dixie of Louisiana, Inc., for 16 years as a grocery selector in its warehouse in Harahan, Louisiana. His job required him to operate a forklift and, on occasion, to dismount from the forklift and move pallet boards weighing approximately 70 to 80 pounds. In doing this work, plaintiff normally worked alone.
Montreuil contends on the night of November 27, 1970, at approximately 11:00 p. m. while working alone, he injured his back as the result of an accident while moving pallet boards.
Defendants, on the other hand, claim that plaintiff failed to show an "accident" *703 actually occurred. It is their position plaintiff had a history of back problems dating back to 1961, and plaintiff's complaints are the result of progressive deterioration of the back. Defendants further support their position by suggesting plaintiff failed to timely make defendant aware of the occurrence of an accident.

ACCIDENT
According to LSA-R.S. 23:1021, "accident" is defined as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of the injury."
The trial judge, in concluding that plaintiff suffered an accident, stated in his reasons for judgment that he was persuaded by the testimony of plaintiff, his wife, plaintiff's work record, and the medical testimony that plaintiff had recovered from the back injury dating back to 1961, as well as the medical testimony showing a connection between the disability and the complaint of plaintiff on November 27, 1970. The record, we believe, supports that conclusion.
Plaintiff testified he had been employed at Winn-Dixie for a period of 16 years. On Friday, November 27, 1970, while lifting 80 pound pallet boards, he experienced a sharp pain in his back. According to his words, his back "gave out" on him. After resting five or six minutes, he continued to work; but the pain increased in intensity. He stated he did not report the accident immediately because he did not realize the seriousness of the injury. On Sunday, November 29, because of the increased pain, he was admited to Touro Hospital where he remained for a period of 18 days, much of the time undergoing traction. He was subsequently readmitted and underwent a disc operation. While Montreuil suffered with back problems dating back to 1961, he stated since 1966 his back gave him no difficulty. Occasionally, he wore a back brace or corset for support while working. The work records of Winn-Dixie indicate that plaintiff had not worked subsequent to November 27, 1970; and prior to that time, his work record was excellent. His work pattern showed he worked well over 40 hours per week, and in the months preceding the accident (from January 31, 1970 to the week before the accident) plaintiff had worked 50, 60, or more hours per week.
Mrs. Betty Montreuil, plaintiff's wife, a practical nurse by profession, testified that on November 27, 1970, plaintiff complained he had hurt his back while at work. She called Dr. Morris J. Weisler on Sunday, November 29, 1970, and took plaintiff to the Touro Infirmary on that date. According to Mrs. Montreuil, she called Harold Deroche, the service superintendent at Winn-Dixie, plaintiff's boss, on Monday, November 30, and informed him that Montreuil had injured his back. The following Friday, she saw Deroche and told him her husband injured his back while lifting pallet boards. She further supported plaintiff's testimony that he suffered no trouble with his back since 1966.
Dr. Raymond Kitziger, an orthopedic surgeon, examined plaintiff on January 15, 1972. He stated it was within reasonable medical certainty the occurrence described as happened on November 27, 1970, could have caused or aggravated the resulting disability of plaintiff. He added if plaintiff's disability had resulted from a progressive degeneration of the back, it is reasonable plaintiff's work record would have shown a gradual decrease in work hours.
Dr. Byron Unkauf, also an orthopedic surgeon, testified he saw Montreuil at Touro on November 30, 1970; and at that time, plaintiff told him he had injured his back on November 27. The consultant's report of Dr. Unkauf dated November 30, 1970, and included in the Touro Hospital report reads as follows:
"11/29/70 had difficulty getting out of bedthen couldn't standback pain and left leg pain. Have seen in office 1962 had myelogram and surgery by N. S.Was supplied some time ago with *704 muscle relaxant, etc. Has been working at Winn-Dixie warehousedrives a forklift usually and was lifting pallet boards on 11/27/70 and his back was bothering him. Back & left leg pain to calf musclesnot into foot."
According to this expert, the injury on November 27 was the "causative factor of plaintiff's difficulty requiring subsequent surgery." It is significant, we believe, the consultant's report of Dr. Unkauf indicated Montreuil injured his back while lifting pallet boards on November 27, 1970.
Dr. Joseph Menendez stated irrespective of plaintiff's complaint of pain in the lower back and leg in 1966, he made no objective findings at that time. Examination of Montreuil by Dr. Menendez indicated Montreuil had no difficulty with his back, although subjective complaints were made. The foregoing cumulation of testimony and exhibits substantially supports the plaintiff's position.
However, defendants call to our attention significant facts which they contend show that plaintiff's injury was not the result of an accident. They point out (1) no notice of the occurrence of the accident was given to plaintiff's foreman, (2) the consultant's report (Dr. Unkauf's report) included in the hospital report does not indicate plaintiff suffered injury from an accident but that plaintiff's complaint was from a reoccurrence of a back injury, (3) plaintiff's statements in a taped conversation in the hospital fails to make reference to a particular accident causing the injury and (4) the history of plaintiff's back injury dating back to 1961 resulted in a progressive deterioration of the back causing the disability.
We are not impressed by this argument. We find no merit to the suggestion that plaintiff failed to give notice of his injury. The evidence is that plaintiff was employed on the evening shift, or the night shift (3:00 p. m. to 12:00 midnight). The injury happened on a Friday night at about 11:00 p. m. Plaintiff experienced pain upon lifting a pallet board but did not realize the seriousness of the injury until the next day (Saturday). Plaintiff's wife notified his boss by telephone on Monday after Montreuil found it necessary to become hospitalized over the weekend. Under the circumstances, the requirements of notice have been met.
We also fail to find merit in defendant's suggestion that the consultant's report of Dr. Unkauf indicated plaintiff's complaint was that his back was "bothering" him and not that the injury resulted from an accident. To the contrary, the report stated Montreuil was "* * * lifting pallet boards on 11/27/70 and his back was bothering him * * *." This explanation is indicative of plaintiff's complaint that the back injury resulted from a particular occurrence. We place no significance on plaintiff's or Dr. Unkauf's choice of words that his back was "bothering him" rather than indicating Montreuil suffered or experienced acute pain. Nor do we place any significance in the notation made by Dr. W. Morris Weisler after seeing Montreuil on 12/1/70 which reads as follows: "since above history and P.X., no important changes, accidents, injuries, operations." Dr. Weisler, an internist, testified he was concerned about a chest injury and whether or not such an injury or accident might have some effect on a possible heart condition. He was thinking in terms of an accident as it relates to possible cardiac or heart problems, not in connection with a back injury.
As did the trial judge, we find no support for defendant's contention in the taped comments of plaintiff while in the hospital. It is significant the tapes were taken while plaintiff was in traction; and despite the interviewer's obvious purpose to have plaintiff state he suffered no accident, plaintiff insisted on more than one occasion, in the tape, that he "snapped" his back while handling the pallet boards.
Finally, the consistent work record of Montreuil for months prior to the injury *705 without a decline in work hours is supportive of a conclusion plaintiff's disability did not result from a progressive degeneration of the back. Dr. Kitziger's testimony is clear in this respect.
We have no quarrel with the conclusions reached in the cases of Hargrave v. Travelers Insurance Company, 187 So.2d 8 (La. App. 1st Cir. 1966), and Ross v. Hunt Lumber Company, 188 So.2d 500 (La.App. 3rd Cir. 1966) cited by the defendants. While the court in both cases concluded no accident occurred, those cases are inapposite to ours. In the Hargrave case, the court stated the plaintiff was unable to point to any occurrence, however, slight, which might meet the legal requirements of an accident. The opinion went on to say there was no showing that plaintiff's symptoms became apparent on a particular day or if plaintiff's complaint was the result of sudden unexpected occurrence. Also, in Ross, the court concluded there was no sudden or violent event which preceded the injury. The testimony in that case, according to the court, was to the effect the lesion on plaintiff's foot was caused by an infection and not as the result of an accident or trauma. The instant case is completely different from the Hargrave and Ross cases.
Accordingly, we are convinced from the record plaintiff's total and permanent disability resulted from an accident which occurred on November 27, 1970 in the course and scope of Montreuil's employment in the Winn-Dixie warehouse while lifting pallet boards.
We are further convinced, as was the trial judge, that defendant's denial of plaintiff's claim was arbitrary, capricious, and without legal basis.[2]
Harold Deroche "presumed" plaintiff suffered a "recurrence" of his back problem. This presumption was made without any basis of fact. This is significant when considering Deroche had knowledge of Montreuil's exemplary work record and further that he had knowledge that plaintiff failed to return to work after November 27 and was hospitalized for a period of 18 days. At the time that defendants denied plaintiff's claim for workmen's compensation, the hospital reports from Touro and consultant's report from Dr. Unkauf were available to the defendant. The record reflects defendant mistakenly relied on Dr. Unkauf's report, among other things, to arrive at a conclusion denying plaintiff's claim. Furthermore, the tape recordings, also available to the defendants, indicated plaintiff suffered an injury while lifting pallet boards. With all of this information in their possession, it was incumbent upon Winn-Dixie or its insurer to make a further investigation into plaintiff's injury. Seeking information from Dr. Unkauf alone would have provided information which would have required more dignity to be given this claim than was afforded. Defendants actions were plainly arbitrary and capricious.
Plaintiff is, therefore, entitled to recover penalties and attorney's fees in the amount set forth in the statute and as determined by the trial judge.
Accordingly, the judgment is affirmed.
Affirmed.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring).
I concur completely in the result reached by the majority, but I wish to add a separate view of defendants' argument.
Defendants essentially argue that plaintiff failed to establish that he experienced a sudden back pain while lifting a particular pallet on November 27, 1970, but that his statements in the taped interview, in the history taken by Dr. Unkauf, and in *706 the notation by Dr. Weisler indicate that the back complaints arose over the entire course of his work lifting pallet boards that particular evening. Defendants thus conclude that no "accident" was proved within the contemplation of R.S. 23:1021.
In my opinion plaintiff is entitled to workmen's compensation benefits, even if he does not establish that pain ensured immediately after he performed one particular act of lifting. The evidence is completely uncontradicted that plaintiff was fully able to perform his duties on November 27 and had performed his duties fully and completely for many months prior to this time. The evidence is also completely uncontradicted that plaintiff was unable to perform his duties on the day following November 27 or at any time thereafter. This evidence, when considered with the uncontradicted fact that plaintiff performed heavy lifting on November 27 and with his testimony that back pain commenced during the lifting, was sufficient to establish that plaintiff on that date sustained an accident within the contemplation of R.S. 23:1021. The word "suddenly" in the statute does not mean that a claimant must establish the precise minute that his disability was produced; the intent is simply to exclude disabilities which are developed gradually and progressively over a considerable period of time.
Although plaintiff had suffered back problems in the past, the entirety of the evidence (particularly plaintiff's work record) militates against the conclusion that his disability had developed gradually and progressively.
As to the award of penalties and attorney's fees, an employer certainly may defend against a workmen's compensation claim if the defense is based upon good cause and is presented in good faith. However, the defendants in this case denied the claim on the basis that plaintiff's disability resulted from progressive deterioration rather than from a sudden occurrence which produced sharp pain. The defendants were fully aware of plaintiff's work record, of his ability to fully and completely perform his duties on and prior to November 27, of the work performed by him that evening, and of his inability to perform the same work thereafter. Under these circumstances defendants' denial of benefits was unreasonable, and the statutory penalty was properly imposed.
NOTES
[1] LSA-R.S. 23:1201.2 reads in part:

"* * * Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim, * * *"
[2] LSA-R.S. 28:1201.2, supra.