295 So.2d 874 (1974)
Maurice HENDERSON
v.
CORE CONSTRUCTION COMPANY and Travelers Insurance Co.
No. 9840.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Rehearing Denied July 3, 1974.
Writ Refused September 13, 1974.
*875 Robert G. Hebert and Gerald Zackin, New Orleans, for appellant.
Richard W. Watts and France W. Watts, III, Franklinton, for appellees.
Before SARTAIN, J., and BAILES and VERON, JJ. Pro Tem.
JULIAN E. BAILES, Judge Pro Tem.
Plaintiff appeals the judgment of the trial court denying his claim for workmen's compensation benefits, and statutory penalties. Defendants are Core Construction Company, and its insurer, Travelers Insurance Company.
The trial court concluded that the plaintiff did not suffer an "accident" within the meaning of LSA-R.S. 23:1021. On this finding, the plaintiff's action was dismissed at his costs. Our conclusion is that the trial court erred in finding that no "accident" occurred. We reverse.
The plaintiff, a 46 year old heavy equipment operator, had been employed in that capacity by Core Construction Company, a road building contractor, for the past sixteen years. He testified that on or about June 16, 1972, while operating a loaded dirt moving machine called a scraper he traversed a deep ditch resulting in injuring his back. The next day he consulted his doctor for treatment. Subsequently, he was operated for removal of an intervertebral disc between L4 and L5. He continued to be incapacitated because of his injured back.
The plaintiff has a relatively short history of back trouble. In October, 1971, he first consulted his physician who treated him conservatively and secured a brace for him to wear. Eventually he was permitted to return to work operating the heavy equipment and was performing his work to the employer's satisfaction until he was injured as described.
Even though the treating doctor testified that when he operated he found the ruptured disc as he had expected, the fact remains that plaintiff was performing his labors satisfactorily until he crossed the deep ditch with the loaded machine at which time his back was injured.
It does not admit of dispute that the plaintiff bears the burden of proving that his present disability was caused by an on-the-job accident. Equally so, an injury is compensable if the accident precipitates or accelerates a preexisting predisposition or disease into becoming a disabling condition, or contributes causatively to activation of such a latent condition into disability.
Our Supreme Court, with Justice Hawthorne speaking for the Court, said in Cutno v. Neeb Kearney & Company, 237 La. 828, 112 So.2d 628, at page 631:
"[4, 5] It is now well settled in Louisiana that the legal requirements are present to constitute an accident and an injury is compensable under our workmen's compensation statute where excessive heat, heavy lifting or other strenuous efforts, although usual and customary, cause of contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition. * * *."
Also refer to Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625; Dortch *876 v. Louisiana Central Lumber Company, La.App., 30 So.2d 792; Jackson v. Travelers' Ins. Co., 180 La. 43, 156 So. 169, and Montreuil v. Winn-Dixie Stores, Inc., et al., La.App., 279 So.2d 701, for similar holdings.
Our understanding of plaintiff's pre-accident condition is that he had an existing pathology of his back but it was not disabling to him prior to his loaded machine transversing the deep ditch. This seems to be a reasonable assessment of his then existing condition because it was the testimony of the bookkeeper that plaintiff's rate of pay was $4.10 an hour for regular time and $6.15 for overtime, and for the payday of June 3, 1971, he received $235.70 for a week's labor, on June 10, 1971, $265.55, and on June 17, 1971, the pay period of his injury, $24.60.
The defendants contend that the trial court's finding that no accident occurred should be affirmed because the plaintiff alleged the accident occurred on June 16, 1972, testified that it occurred on June 6, 1972, and his doctor testified that he came to him on June 16, 1972, and finally that when he was seen by Dr. Soboloff, plaintiff said he was injured in an accident which occurred sometime in February, 1972.
First, we must be aware of the fact that the plaintiff is a person with a fourth grade education. It is not unreasonable for the plaintiff to be confused about the date of the accident. According to the employer's records plaintiff last worked on June 12, 1972. Plaintiff testified the employer's bookkeeper told him the last day he worked was June 6, 1972. He also testified that he told Mr. Willie Core, his boss, that he had injured his back and that the doctor told him he couldn't work any more. He stated this occurred the day after he saw the doctor. Although perhaps mistaken about the date of his accident, he insists that it occurred on June 6, 1972, as he was told and believed this was the last day he was paid for working. We must find plaintiff to be either mistaken or confused about the date of the accident.
The answer to defendants' argument that no accident occurred because plaintiff told Dr. Soboloff he was injured in February, 1972, we have only the report of Dr. Soboloff. There was no examination of Dr. Soboloff regarding this statement. The plaintiff was not questioned about this, nor was he given the opportunity to deny or explain such a statement, if in fact he did so state to the doctor.
We cannot reject the plaintiff's claim for workmen's compensation for lack of agreement between the parties as to the date of the accident as this is not pivotal of the issue before the court.
His physical ability to perform his duties and his inability subsequent to his accident is shown by the treating physician's testimony which we quote, in part, as follows:
"Q. This may be repetitious, Doctor, but so we are clear on it, up until the June 16th visit you felt that Mr. Henderson was able to continue doing the type work that he was doing subject to the limitations you gave him?
"A. Well, yes, sir.
"Q. And following June 16th he was not able, is that correct, Doctor?
"A. Yes, sir."
The undisputed fact is that this plaintiff was performing his labors to the satisfaction of his employer until he drove the loaded dirt moving machine across the deep ditch.
Defendants rely on the cases of Hargrave v. Travelers Insurance Company, La.App., 187 So.2d 8 and Gaspard v. Petroservice, Inc., et al., La.App., 266 So.2d 453, to support the requirement that in order for an injured employee to recover he must prove that his disability is the result of an accident related to a specific event or trauma.
*877 This court decided the Hargrave case and is familiar with the holding in the Gaspard case. The instant case is easily distinguishable on the facts from the cited cases.
The instant case is distinguished from the Gaspard case in the following discussion found on page 454, viz:
"Plaintiff does not attempt to point to any single event which caused his disability, but instead argues that each vibration that he received from the screening machine constituted a separate accident, the cumulative effect of which was his disability. * * *
* * * * * *
"Accordingly we are constrained to conclude that the plaintiff's exposure to the vibrations of the screening machine in the normal course of his employment did not constitute an accident as that term is defined in the statutes and explained in the overwhelming weight of the jurisprudence. * * *."
In the Hargrave case, we made this finding which sets it apart factually from the instant case, viz:
"[3] In the instant case appellant is unable to point to any occurrence, however slight, which might fulfill the legal requirement of an accident. Plaintiff did not show how long the tractor seat was defective (if indeed it was deficient in some manner); he did not aver the alleged jolting experience on operating the tractor was greater than usual on any given day or instance; nor did he maintain that on some express occasion the tractor gave an unusual lurch or struck some object causing him to be thrown violently against the fuel tank thus precipitating an immediate increase in pain or instant aggravation of his condition.
"On the contrary, appellant's testimony eliminated the eventuality of his symptoms becoming manifest on a particular day or as the result of a sudden, unexpected occurrence."
Mr. Willie Core did not appear as a witness to deny that plaintiff did not tell him of the accident as related by plaintiff, or that an accident could not have occurrred as testified to by plaintiff.
We find plaintiff has satisfactorily discharged the burden of proving that an accident occurred; that he is totally and permanently disabled, and that his rate of compensation warrants the maximum weekly benefits of $49 per week.
The record supports the following medical expenses incurred to date, viz:

Dr. Daniel S. Sinclair $ 614.00
Dr. James R. Willis 75.00
Covington Physical Therapy
 Clinic 216.00
St. Tammy Parish Hospital 865.05
 _________
Total $1,770.05

Under the facts herein, we do not find the defendants were arbitrary, unreasonable or capricious in denying the plaintiff's claim and in refusing to pay compensation. The facts reasonably support a valid dispute between the claimant and defendants. Therefore, the claim for statutory penalties and attorneys fee is rejected.
For the foregoing reasons, the judgment of the district court rejecting the demands of the plaintiff is reversed and there is judgment herein in favor of plaintiff, Maurice Henderson, and against defendants, Core Construction Company and Travelers Insurance Company, defendants, in solido, decreeing plaintiff to be totally and permanently disabled, and as such, entitled to workmen's compensation benefits at the rate of $49 per week beginning June 13, 1972, during his period of disability not to exceed 500 weeks, together with legal interest on the past due weekly payments from due date until paid, and for medical expenses incurred to date of filing of this suit in the amount of $1,770.05, together with legal interest thereon from date of judicial demand until paid, and reserving the right to claim any future medical expenses incurred in treating plaintiff for his accident *878 related injuries not to exceed the statutory limit of $12,500, and for all court costs. The expert witness fee of Dr. Daniel S. Sinclair is fixed at the sum of $100 and taxed as court costs.
Reversed and rendered.